IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DAVID J. NUYANNES, Individually : NO.: 11-2029
1435 Kynlyn Drive, Wilmington, DE 19809 :
    vs. :
NICHOLE MARIE THOMPSON, ESQUIRE :
and NICHOLE MARIE THOMPSON, Individual :
P.O. Box 1644, Media, PA 19063 :
 :
EUGENE J. MALADY, ESQUIRE and :
EUGENE J. MALADY, Individual :
211-213 North Olive Street, Media, PA 19063 :
 :
SCOTT D. GALLOWAY, ESQUIRE and :
SCOTT D. GALLOWAY, ESQUIRE, Individual :
1215 W. Baltimore Pike, Ste 14, Media, PA 19063:

## ORDER

AND NOW, this _____ day of _____, 2011, upon consideration of the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) of Defendant, Scott D. Galloway, Esquire and Scott D. Galloway, Individual, and any reply thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED and Plaintiff's Complaint is DISMISSED in its entirety with prejudice.

BY THE COURT:

_____
                               J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DAVID J. NUYANNES, Individually : NO.: 11-2029
1435 Kynlyn Drive, Wilmington, DE 19809 :
    vs. :
NICHOLE MARIE THOMPSON, ESQUIRE :
and NICHOLE MARIE THOMPSON, Individual :
P.O. Box 1644, Media, PA 19063 :
    :
EUGENE J. MALADY, ESQUIRE and :
EUGENE J. MALADY, Individual :
211-213 North Olive Street, Media, PA 19063 :
    :
SCOTT D. GALLOWAY, ESQUIRE and :
SCOTT D. GALLOWAY, ESQUIRE, Individual :
1215 W. Baltimore Pike, Ste 14, Media, PA 19063:

### MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OF DEFENDANT, SCOTT D. GALLOWAY, ESQUIRE AND SCOTT D. GALLOWAY, INDIVIDUAL

    Defendant, Scott D. Galloway, Esquire and Scott D. Galloway, Individual hereby moves this Court to dismiss Plaintiff's Complaint in its entirety for all of the reasons set forth in the attached Memorandum of Law which is incorporated herein by reference and in support thereof as follows:

    1. Plaintiff initiated this action by filing a Complaint in the United States District Court Eastern District of Pennsylvania on March 24, 2011.

    2. The Complaint alleges Defendant Galloway committed legal malpractice, perjury, false declarations before a grand jury or court, conspiracy, deprivation of rights, extortion, unlawful use of civil proceedings during and after representation, and violation of the Rules of Professional Conduct, and violations of Title 42 and Title 18. (Complaint at para. 1)

    3. Plaintiff's contentions arise out of a Complaint in Divorce filed by Plaintiff, David Nuyannes, in the Court of Common Pleas of Delaware County and subsequent litigation, agreements, and Court Orders entered of record. A detailed account of said litigation, agreements and Court Orders are addressed in the attached Memorandum of Law.

4. Plaintiff did not comply with above-mentioned agreements and Court Orders and was found in civil contempt of Court prior to Defendant Galloway representing Plaintiff in this matter.

5. For reasons more fully set forth in the attached Memorandum of Law which is incorporated herein by reference, Defendant moves this Court to dismiss Plaintiff's Complaint in its entirety on the grounds that the Complaint is beyond the two (2) year Statute of Limitations.

6. For reasons more fully set forth in the attached Memorandum of Law which is incorporated herein by reference, Defendant hereby moves this Court to dismiss Plaintiff's Complaint in its entirety in that it fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant, Scott D. Galloway, Esquire, hereby moves this Honorable Court to dismiss Plaintiff's Complaint in its entirety with prejudice.

RESPECTFULLY SUBMITTED:

_____
SCOTT D. GALLOWAY, ESQUIRE
Attorney I.D. No. 33614
1215 West Baltimore Pike
Suite 14
Media, PA  19063
(610) 891-0503

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DAVID J. NUYANNES, Individually : NO.: 11-2029
1435 Kynlyn Drive, Wilmington, DE 19809 :
    vs. :
NICHOLE MARIE THOMPSON, ESQUIRE :
and NICHOLE MARIE THOMPSON, Individual :
P.O. Box 1644, Media, PA 19063 :
     :
EUGENE J. MALADY, ESQUIRE and :
EUGENE J. MALADY, Individual :
211-213 North Olive Street, Media, PA 19063 :
     :
SCOTT D. GALLOWAY, ESQUIRE and :
SCOTT D. GALLOWAY, ESQUIRE, Individual :
1215 W. Baltimore Pike, Ste 14, Media, PA 19063:

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT, SCOTT D. GALLOWAY, ESQUIRE AND SCOTT D. GALLOWAY, INDIVIDUAL

**I. FACTUAL AND PROCEDURAL STATEMENT:**

David J. Nuyannes filed a Complaint in Divorce in the Court of Common Pleas of Delaware County on or about September 12, 2008. Pursuant to said Complaint in Divorce filed by Eugene J. Malady, Esquire (a named Defendant in the instant matter), entered his Appearance on behalf of Defendant Wife, Louise Nuyannes. Attorney Malady filed a Petition for Special Relief and a Hearing pursuant to said Petition was scheduled for September 25, 2008, in the Court of Common Pleas of Delaware County. An agreement was reached on that date by David Nuyannes' then Attorney, Timothy Possenti, Esquire, and Eugene Malady, Esquire on behalf of Louise Nuyannes. Said agreement was placed on the record. This agreement addressed the exclusive possession of the marital home to Wife, the freezing of certain marital accounts, including

Husband's 401(k). A copy of the transcript of the Notes of Testimony from said Hearing on September 25, 2008, is attached hereto and marked as Exhibit "A'.

On November 3, 2008, a Temporary Custody Order was entered by agreement of the parties and their attorneys and signed by Florence Wright, Esquire, Master. A copy of said Temporary Custody Order is attached hereto and marked as Exhibit "B".

On November 3, 2008, the parties entered into a Stipulation as to Wife maintaining exclusive possession of the marital home as well as an agreement to sell said home. This Stipulation also addressed the freezing of the Charles Schwab, Wells Fargo 401(k) and any other accounts maintained by the parties, except for a $10,000.00 distribution to both Husband and Wife. This Stipulation also directed the Husband, David Nuyannes, to provide a full accounting of any and all marital assets for the prior three (3) years. A copy of the Stipulation confirmed by Court Order and signed by the Honorable Maureen Fitzpatrick is attached hereto and marked as Exhibit "C".

On November 26, 2008, Attorney Malady filed a Petition for Special Relief in that Father, David Nuyannes, did not appear for drug testing as earlier agreed to by and between the parties. A copy of said Petition filed in the Court of Common Pleas of Delaware County is attached hereto and marked as Exhibit "D".

On November 26, 2008, Attorney Malady filed a Petition for Special Relief to enforce the terms of the Non-Dissipation Order signed by Judge Fitzpatrick on November 19, 2008 (Exhibit "C" herein). On December 22, 2008, the Honorable James P. Bradley held a Hearing as to Defendant's Petition. An agreement was reached on the record on December 28, 2008 as follows:

2

(a) plaintiff closed his employee savings plan on October 20, 2008 and received $64,145.08;

(b) plaintiff rolled over a balance of $51,645.08 into an IRA account in his own name;

(c) plaintiff has received the difference of $12,500 between the closing balance of the employee savings plan and the account he deposited into the IRA;

(d) on November 20, 2008, plaintiff withdrew another $17,000 from the IRA account;

(e) defendant will receive $10,000 from the IRA account pursuant to the September 25, 2008 Stipulation;

(f) plaintiff will provide an account of his use of the $17,000 in fourteen days, and defendant will receive $17,000 from the IRA account less any amounts the parties agree were used to pay marital debts;

(g) the case will be relisted for February 23, 2008;

(h) no further funds will be removed without the parties' agreement or court order; and

( I ) Judge Fitzpatrick's Order will be complied with in all other respects.

David Nuyannes then filed a praecipe requesting the Court discontinue the Complaint in Divorce including all custody issues. On or about January 29, 2009, Attorney Malady filed an Emergency Petition for Special Relief to strike David Nuyannes' Praecipe and in addition, to find David Nuyannes in contempt for failing to abide by earlier court orders as to the accounting and withdrawal of marital funds.

On February 23, 2009, Judge Bradley found David Nuyannes in civil contempt for wilful violation to comply with earlier agreements placed on the record on September 25, 2008 and December 22, 2008. David Nuyannes was also fined $5,000.00 and assessed counsel fees in favor

3

of Eugene Malady, Esquire in the amount of $2,500.00. Plaintiff was also ordered to comply with all terms of earlier agreements and court orders within ten (10) days of February 23, 2009 or face a period of incarceration of one hundred and eighty (180) days at the George W. Hill Correctional Facility (Delaware County Prison).

On March 5, 2009, a felony arrest warrant for Plaintiff was issued by the Pennsylvania State Police for interference with the custody of a child. On March 9, 2009, Attorney Malady filed a Petition for Contempt of enforcement of the Order signed by Judge Bradley dated February 23, 2009. A Hearing was scheduled for March 13, 2009. Although Plaintiff Nuyannes was aware of said Hearing, he did not appear before the Honorable James Bradley on March 13, 2009. On March 16, 2009, Plaintiff asked Defendant Galloway to withdraw as his Counsel.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

A. Legal Standard:

A Rule 12(b)(6) motion tests the sufficiency of the Complaint against the pleading requirements of Federal Rules of Civil Procedure 8(a)(2). Rule (a)(2) requires that a complaint contain a short and plain statement of the claim showing that the plaintiff was entitled to relief "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, U.S. , 129 S.Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "probability requirement," it demands more than a sheer possibility that the defendant has acted unlawfully. Id. A formulaic recitation of the elements of a cause of action does not suffice

4

to meet the Rule 8 obligation of a "short and plain statement" of the claim and its grounds. *Twombly*, 550 U.S. at 555. Legal conclusions and "naked assertions" are not entitled to the presumption of truth and must be disregarded for purposes of resolving a Rule 12(b)(6) motion. *Iqbal*, 129 S.Ct. At 1950. In *Iqbal*, the Supreme Court stated: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Furthermore, "plaintiffs' obligation to state the grounds of entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wilson v. Pallman*, 2009 WL 2448577 (E.D.Pa. 2009, O'Neil J.) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555.

### III. LEGAL ARGUMENT:

#### A. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Fed.R.Civ.P. 12(b)(6) provides that a Defendant in a civil case can file a Motion to Dismiss if a Plaintiff's Complaint "fails[s] to state a claim upon which relief can be granted." While it is true that Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint "must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Goldstein v. Bisoni Bede, Ltd.*, 2009 U.S. Dist. LEXIS 77012 (E.D. Pa., August 29, 2009). At *4, *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

It is also the law that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more that labels and conclusions and a formulaic recitation of the elements of a cause of action will not do…" *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555

(2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "Conclusory allegations of liability do not suffice." *Boring v. Google, Inc.*, 2010 U.S. App. LEXIS 1891 (3d Cir. January 28, 2010) at *7.

> A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant. *Gross v. German Found Indus. Initiative*, 549 F.3d 605, 610 (3d Cir. 2008). Legal conclusions receive no such deference, and the court is 'not bound to accept as true a legal conclusion couched as factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1886) (*cited with approval in Twombly*, 550 U.S. at 555 (citations omitted)). Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. In short, when the well-pleaded complaint does not permit us "to infer more than the mere possibility of misconduct," the pleader is ***not*** entitled to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Circ. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949) (emphasis added). *Id.*

It is submitted that the allegations contained in Plaintiff's Complaint fail to meet the standards of pleading referred to above. The Plaintiff merely cites various Rules of Professional Conduct, Title 18 and Title 42 sections, without ever stating the nature of how these rules and Titles were allegedly violated. (Complaint at para. 1 & 9). Furthermore, Plaintiff lists five claims that are also merely a recitation of Title 18, 42 and the Pennsylvania Rules of Professional Conduct without ever stating in what manner these Titles/Rules were allegedly violated. (Complaint at para. 68(j) through (w)).

Each count of the Complaint accuses Mr. Galloway of (a) violations of the Pennsylvania Professional Rules of Professional Conduct, (b) violations of 18 U.S.C. §§876, 1621, 1622, 1623; and (c) violations of 42 U.S.C. §§1981, 1983 and 1985.

These accusations are invalid on their face. First, Pennsylvania's Rules of Professional Conduct do not create any private cause of action against attorneys. *Goldhaber v. Higgins*, 2009

6

WL 565725, * 13 (W.D.Pa. 2009) (*citing Molitoris v. Woods,* 422 Pa. Super. 1, 618 A.2d 985, 990 n. 5 (1992)); see also Pa.R.P.C., Preamble ("Violation of a Rule [of Professional Conduct] should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached...The [Rules] are not designed to be a basis for civil liability").

Second, the criminal statues cited in the complaint, 18 U.S.C. §§1621, 1622, 1623, do not provide a private right of action.

For decisions holding that there is no private right of action under 18 U.S.C. §876, see *Shipp v. Donaher,* 2010 WL 1257972, *12 (E.D.Pa. March 25, 2010) (citing *Weiss v. Sawyer,* 28 F.Supp.2d 1221, 1227 (W.D.Okla. 1997); *Bryant v. Yellow Freight Sys.*, 989 F.Supp. 966, 968 (N.D.Ill. 1997)).

For decisions holding that there is no private right of action under 18 U.S.C. §§ 1621, 1622, or 1623, see *Fuller v. Unknown Officials from the Justice Dept. Crime Div.,* 387 Fed.Appx. 3 (D.C. Cir. 2010), which explains:

> To the extent appellant attempted to raise causes of actions based on criminal statutes, there is no private causes of action for perjury, 18 U.S.C. §1621 subornation of perjury, 18 U.S.C. §1622; false declarations before a grand jury or court, 18 U.S.C. §1623...See *Central Bank of Denver v. First Interstate Bank of Denver,* 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (refusing to infer a private right of action from a "bare criminal statute"); see also *McDonnell Douglas Corp. v. Widnall,* 57 F.3d 1162, 1164 (D.C.Cir. 1995).

Id., 387 Fed.Apppx. At 4; see also *Thompson v. Kramer,* 1994 WL 725953, *15 (E.D.Pa. Dec. 29, 1994) (no private right of action under 18 U.S.C. §§1621-1622).

Third, plaintiff fails to state a cause of action under 42 U.S.C. §§1981, 1983 and 1985. 42 U.S.C. §1981 proscribes race discrimination. *Gratz v. Bollinger,* 539 U.S. 244, 276 n. 23 (2003) (citing *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295-296 (1976)). The complaint

7

does not allege racial discrimination by Mr. Galloway. This case arises from divorce proceedings, not proceedings charged with racial misconduct.

42 U.S.C. §1983 prohibits state actors from violating a citizen's constitutional rights. Attorneys in divorce proceedings such as Mr. Galloway are not state actors and therefore, cannot be liable under §1983. *Ludwig v. Berks County*, Pa., 313 Fed.Appx. 479 (3d Cir. 2008) (attorney that represented husband in custody proceedings was not state actor and thus, could not be liable, in mother's §1983 action, arising from custody proceedings); *Hagins v. Spina*, 267 Fed.Appx. 118 (3d Cir. 2008) (private attorney was not "person acting under color of state law," as required form claim under §1983, by his representation of client in criminal matter); *Shallow v. Rogers*, 201 Fed.Appx. 901 (3d Circ. 2006) (former wife's attorney was not acting under color of law in representing wife in ongoing custody battle and thus, was not state actor subject to liability under §1983 for alleged violations of husband's civil and constitutional rights arising from order that he undergo psychological evaluation; attorney was private attorney, and husband failed to allege any action by attorney that was fairly attributable to State); *Finch v. Buechel*, 188 Fed.Appx. 139 (3d Cir. 2006) (patient could not maintain §1983 action against her former physician and his attorney in connection with their defense of patient's state medical malpractice action, as there was no set of acts from which state action could be inferred on the part of physical and attorney); *Limehouse v. Delaware*, 144 Fed.Appx. 921 (3d Cir. 2005) (opposing counsel in civil litigation was not state actor for §1983 purposes).

Plaintiff's §1983 claim also fails because the contempt proceedings for which he went to jail did not end in his favor. Plaintiff apparently wants to hold Mr. Galloway liable under §1983 for his contempt sanction and subsequent jail term. Nevertheless, a right of action for wrongful

8

imprisonment (or malicious prosecution) does not exist unless the underlying criminal proceedings have terminated in the plaintiff's favor. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). Plaintiff has not alleged that the contempt proceedings ended in his favor. Nor can he; he has never reversed the contempt sanction.

An action under 42 U.S.C. §1985 cannot exist unless there is a valid cause of action stated under 42 U.S.C. §1983. *Berg v. Obama*, 574 F.Supp. 2d 509, 523 (E.D. Pa. 2008) (citing *Escamilla v. Santa Ana*, 606 F.Supp. 928, 934 (C.D.Ca. 1985); *Wiggins v. Hitchens*, 853 F.Supp. 505, 510 (D.D.C. 1994)). Since plaintiff's §1983 claims fails for the reason given above, his §1985 claims does as well.

### B. PLAINTIFF'S COMPLAINT WAS NOT FILED WITHIN THE APPLICABLE STATUTE OF LIMITATIONS:

A two year statute of limitations governs plaintiff's civil rights actions under §§1981, 1983 and 1985. *Reitz v. County of Bucks*, 125 F.3d 139, 143 (3d Cir. 1997); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993). Said complaint alleges conduct more than two years before March 24, 2011, or the date plaintiff filed his complaint. In that Defendant Galloway was no longer representing Plaintiff on March 24, 2009, his Complaint is time-barred.

It is indisputable that the time period for the Statute of Limitations in an alleged legal malpractice action is two (2) years and begins when the Plaintiff knows or should have known of said alleged malpractice. In this instance, David Nuyannes emailed Defendant Galloway on March 16, 2009 and indicated that he no longer wished Galloway to be his Attorney. Accordingly, the alleged basis of Nuyannes' claim for malpractice was known to him as of March 16, 2009. The

Complaint filed by Mr. Nuyannes in the Eastern District Court of Pennsylvania was March 24, 2011. Clearly, Nuyannes is outside the two year Statute of Limitations and accordingly, this Complaint should be dismissed.

## IV. CONCLUSION:

For the above-mentioned reasons, Mr. Galloway respectfully requests that this Honorable Court dismiss Plaintiff's Complaint against him in its entirety with prejudice.

SCOTT D. GALLOWAY, ESQUIRE
Attorney I.D. #33614
1215 West Baltimore Pike, Suite 14
Media, PA 19063
(610) 891-0503

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. NUYANNES, Individually <br> 1435 Kynlyn Drive, Wilmington, DE 19809 <br> vs. <br> NICHOLE MARIE THOMPSON, ESQUIRE <br> and NICHOLE MARIE THOMPSON, Individual <br> P.O. Box 1644, Media, PA 19063 <br><br> EUGENE J. MALADY, ESQUIRE and <br> EUGENE J. MALADY, Individual <br> 211-213 North Olive Street, Media, PA 19063 <br><br> SCOTT D. GALLOWAY, ESQUIRE and <br> SCOTT D. GALLOWAY, ESQUIRE, Individual <br> 1215 W. Baltimore Pike, Ste 14, Media, PA 19063 | : NO.: 11-2029 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

### CERTIFICATE OF SERVICE

I, Scott D. Galloway, Esquire, hereby certify that the foregoing Motion to Dismiss was served on the following parties:

<u>Via Certified Mail, Return Receipt Requested</u>:
David Nuyannes
1435 Kynlyn Drive
Wilmington, DE 19809

<u>Via First Class Mail</u>:
Nichole Thompson, Esquire
P.O. Box 1644
Media, PA 19063

Eugene J. Malady, Esquire
211-213 North Olive Street
Media, PA 19063

DATE: 6-14-11

_____
SCOTT D. GALLOWAY, ESQUIRE