IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. NUYANNES, Individually, | : | CIVIL ACTION |
| 1435 Kynlyn Drive, Wilmington, DE 19809 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| NICHOLE MARIE THOMPSON, ESQUIRE, | : | NO. 11-2029 |
| And NICHOLE MARIE THOMPSON, | : | |
| Individual, P.O. Box 1644, Media, PA  19063 | : | |
| | : | |
| EUGENE J. MALADY, ESQUIRE, and | : | |
| EUGENE J. MALADY, Individual | : | |
| 211-213 North Olive Street, Media, PA 19063 | : | |
| | : | |
| SCOTT D. GALLOWAY, ESQUIRE, and | : | |
| SCOTT D. GALLOWAY, Individual | : | |
| 1215 West Baltimore Pike, Media, PA  19063 | : | |
| | : | |
| Defendants | : | |

## <u>ORDER</u>

    **AND NOW**, this        day of            , 2011, upon

consideration of the Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) of Defendant,

Nichole M. Thompson, Esquire and Nichole M. Thompson, Individual, and any reply

thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and

Plaintiff's Complaint is **DISMISSED** in its entirety and with prejudice.

                                      BY THE COURT:

                                      _____

                                      J.

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. NUYANNES, Individually,<br>1435 Kynlyn Drive, Wilmington, DE 19809 | : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | |
| vs. | : <br> : | |
| NICHOLE MARIE THOMPSON, ESQUIRE,<br>And NICHOLE MARIE THOMPSON,<br>Individual, P.O. Box 1644, Media, PA  19063 | : <br> : <br> : <br> : | NO. 11-2029 |
| EUGENE J. MALADY, ESQUIRE, and<br>EUGENE J. MALADY, Individual<br>211-213 North Olive Street, Media, PA 19063 | : <br> : <br> : <br> : | |
| SCOTT D. GALLOWAY, ESQUIRE, and<br>SCOTT D. GALLOWAY, Individual<br>1215 West Baltimore Pike, Media, PA  19063 | : <br> : <br> : <br> : | |
| Defendants | : | |

## MOTION TO DISMISS PURSUANT TO F. R.C.P 12 (B) OF DEFENDANT, NICHOLE M. THOMPSON, ESQUIRE AND NICHOLE M. THOMPSON, INDIVIDUAL

Defendant, Nichole M. Thompson, Esquire, and Nichole M. Thompson, Individual, hereby moves this Court to dismiss Plaintiff's Complaint in its entirety for the reasons set for in the attached Memorandum of Law, which is incorporated herein by reference, and in support thereof avers the following:

1. Plaintiff initiated this action by filing a Complaint with the United States District Court Eastern District of Pennsylvania on March 24, 2011.

2. The Complaint alleges Defendants committed malpractice, perjury, false declarations before a grand jury or court, conspiracy, deprivation of rights, extortion, unlawful use of civil proceedings during and after representation, violations of the Rules of Professional Conduct, and violations of Title 42 and Title 18.  (Complaint at para. 1).

1

3.  Plaintiff's contentions arise from a Complaint in Divorce, filed by Plaintiff, David Nuyannes, in the Court of Common Pleas of Delaware County and subsequent litigation, agreements, and Court Orders entered of record.  A detailed account of said litigation, agreements, and Court Orders are addressed in the attached Memorandum of Law.

4.  Plaintiff did not comply with the above-mentioned agreements and Court Orders and was found in civil contempt of Court.

5.  Plaintiff alleges Defendants violated multiple Pennsylvania Rules of Professional Conduct, without specifically stating how those Rules were violated.  (Complaint at para. 9).

6.  Plaintiff contends Defendant Eugene J. Malady made "several attempts to extort funds from Plaintiff…" (Complaint at para. 14).  Despite a court order being entered on September 25, 2008 by Judge Maureen Fitzpatrick to place all marital accounts into escrow, with Plaintiff's attorney Timothy E. Possenti, Esquire and Plaintiff's wife's attorney, Eugene J. Malady, Esquire, as co-trustors of the escrow account.

7.  Plaintiff contends during the January 15, 2009 meeting, he did not want Defendant Nichole M. Thompson to represent him anymore.  (Complaint at para. 38).

8.  Plaintiff contends The Honorable Judge Bradley "…sua sponte terminated his custody rights…" during the February 23, 2009 hearing (despite, Plaintiff <u>not</u> being present at this hearing). (Complaint at para. 39).

9.  Plaintiff contends he was never served with the contempt order from the February 23, 2009 hearing.  (Complaint at para. 44).

10.  Plaintiff contends Defendant Nichole M. Thompson did not argue the four elements of contempt during the February 23, 2009 hearing.  (Complaint at para. 48).

11.  Plaintiff contends Defendant Nichole M. Thompson breached attorney-client privilege by allegedly discussing the case with the Pennsylvania State Police. (Complaint at para. 53).

12. Plaintiff contends Defendant Nichole M. Thompson did not disclose she did not carry liability insurance, despite this matter being brought to the attention of the Disciplinary Board of the Supreme Court of Pennsylvania and dismissed via letter dated March 10, 2011.  (Complaint at para. 55).

13. Plaintiff alleges the Pennsylvania Rules of Professional Conduct were violated by Defendants.  (Complaint at para. 58-59).

14. Plaintiff contends it was because of the actions of the Defendants that he was sentenced to six months incarceration and "…his accounting career [was] ruined and his custody rights have not been reinstated to date."  (Complaint at para. 60).

15. Plaintiff contends he met with Defendant, Scott D. Galloway, on March 3, 2009 for assistance with a Motion to Reconsider.  (Complaint at para. 61).

16. On March 5, 2009, a felony arrest warrant for Plaintiff was issued by the Pennsylvania State Police for interference with the custody of a child. (Complaint at para. 50).

17. Plaintiff further contends on March 16, 2009, he asked Defendant Scott D. to withdraw from the case.  (Complaint at para. 64).

18. Plaintiff was arrested on the felony warrant issued by the Pennsylvania State Police on or around July 13, 2009.  (Complaint at para. 51).

19. For reasons more fully set forth in the attached Memorandum of Law, which is incorporated herein by reference, Defendants move to dismiss Plaintiff's Complaint in its entirety on the grounds that the Complaint fails to state a claim upon which relief can be granted.

20. For reasons more fully set forth in the attached Memorandum of Law, which is incorporated herein by reference, Defendants move to dismiss Plaintiff's Complaint in its entirety on the grounds that the Complaint was filed in an improper venue.

21. For reasons more fully set forth in the attached Memorandum of Law, which is incorporated herein by reference, Defendants move to dismiss Plaintiff's Complaint in its entirety on the grounds that the Complaint lacks personal jurisdiction.

22. For reasons more fully set forth in the attached Memorandum of Law, which is incorporated herein by reference, Defendants move to dismiss Plaintiff's Complaint in its entirety on the grounds that the Complaint lacks subject matter jurisdiction.

23. For reasons more fully set forth in the attached Memorandum of Law, which is incorporated herein by reference, Defendants move to dismiss Plaintiff's Complaint in its entirety on the grounds that the Complaint was filed beyond the two-year statute of limitations.

**WHEREFORE**, Defendants hereby move this Honorable Court to dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

_____

Nichole M. Thompson, Esquire

P.O. Box 1644
Media, PA  19063

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. NUYANNES, Individually, | : | CIVIL ACTION |
| 1435 Kynlyn Drive, Wilmington, DE 19809 | : | |
| | : | |
|      Plaintiff, | : | |
| | : | |
|   vs. | : | |
| | : | |
| NICHOLE MARIE THOMPSON, ESQUIRE, | : | NO. 11-2029 |
| And NICHOLE MARIE THOMPSON, | : | |
| Individual, P.O. Box 1644, Media, PA  19063 | : | |
| | : | |
| EUGENE J. MALADY, ESQUIRE, and | : | |
| EUGENE J. MALADY, Individual | : | |
| 211-213 North Olive Street, Media, PA 19063 | : | |
| | : | |
| SCOTT D. GALLOWAY, ESQUIRE, and | : | |
| SCOTT D. GALLOWAY, Individual | : | |
| 1215 West Baltimore Pike, Media, PA  19063 | : | |
| | : | |
|      Defendants | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I.   BRIEF FACTUAL AND PROCEDURAL STATEMENT

Plaintiff, David Nuyannes, filed a Complaint in Divorce in the Court of Common Pleas of Delaware County on or about September 12, 2008.  Pursuant to said Complaint in Divorce, Defendant Eugene J. Malady, Esquire was retained as counsel by Plaintiff's wife, Louise King-Nuyannes.  Malady filed a Petition for Equitable Relief and a hearing pursuant to that petition was scheduled for September 25, 2008 in the Court of Common Pleas of Delaware County.  Plaintiff, David Nuyannes, retained Timothy Posenti, Esquire as counsel.  An agreement was reached between the parties and placed on the record during the September 25, 2008 hearing.  The agreement addressed the exclusive possession of the marital home to Wife, as well as the freezing of certain marital

accounts, including Plaintiff's 401(k).  A copy of the transcript of the Notes of Testimony from said hearing on September 25, 2008, is attached and marked as Exhibit "A."

On November 3, 2008, a Temporary Custody Order was entered into by agreement t of the parties and their respective attorneys.  Said agreement was signed into Order by Master Florence Wright, Esquire.  A copy of said Temporary Custody Order is hereby attached and marked as Exhibit "B."

On November 8, 2008, the parties entered into a Stipulation as to Wife's maintaining exclusive possession of the marital home, as well as an agreement to sell said home.  This Stipulation also addressed the freezing of the Charles Schwab Wells Fargo 401(k) and any other accounts maintained by the parties, except for a $10,000.00 distribution to Plaintiff and a $10,000.00 distribution to Wife.  The Stipulation also directed Plaintiff to provide a full accounting of any and all expenditures for the prior three (3) years.  A copy of the Stipulation confirmed by the Court Order and signed by the Honorable Maureen Fitzpatrick is hereby attached and marked as Exhibit "C."

On November 26, 2008, Eugene J. Malady, filed a Petition for Special Relief because Plaintiff did not appear for drug testing as earlier agreed to by the parties.  A copy of said Petition filed with the Court of Common Pleas of Delaware County is hereby attached and marked as Exhibit "D."

On November 26, 2008, Eugene J. Malady filed a Petition for Special Relief to confirm the terms of the New Dissipation Order signed by Judge Fitzpatrick on November 10, 2008 (Exhibit "C" herein).  On December, 22, 2008, the Honorable James P. Bradley held a hearing as to Malady's Petition.  Plaintiff's previous counsel, Timothy Posenti's Motion to Withdrawal as Counsel was granted.

## DEFENDANT THOMPSON'S REPRESENTATION BEGAN DECEMBER 22, 2008:

Plaintiff was represented at the December 22, 2008 hearing by Defendant Nichole M. Thompson, Esquire.  During the December 22, 2008 hearing, the agreement reached by the parties was placed on the record as follows:

> (a)  Plaintiff closed his employee savings plan on October 22, 2008 and received $64,145.08;

6

(b) Plaintiff rolled over a balance of $51,645.08 into an IRA account in his own name;

(c) Plaintiff has received the difference of $12,500.00 between the closing balance of the employee savings plan and the amount he deposited into the IRA;

(d) On November 20, 2008, Plaintiff withdrew another $17,000.00 from the IRA account;

(e) Wife will receive $10,000.00 from the IRA account pursuant to the September 25, 2008 Stipulation;

(f) Plaintiff will provide an accounting of his use of the $17,000.00 within fourteen (14) days, and Wife will receive $17,000.00 from the IRA account less any amounts the parties agree were used to pay marital debts;

(g) The case will be relisted for February 23, 2009;

(h) No further funds will be removed without the parties' agreement or Court Order; and

(i) Judge Fitzpatrick's Order will be complied with in all other respects.

## DEFENDANT THOMPSON'S REPRESENTATION OF PLAINTIFF ENDED JANUARY 15, 2009

On January 15, 2009, Plaintiff met with Defendant, Nichole M. Thompson, Esquire. During that meeting, it was agreed that Defendant, Nichole M. Thompson, Esquire would no longer represent Plaintiff. On January 23, 2009, Plaintiff, David Nuyannes, then filed a Praecipe to Withdrawal Complaint in Divorce, including all custody issues. Subsequently, Defendant, Nichole M. Thompson, Esquire filed a Petition to Withdrawal as Counsel. On or about January 29, 2009, Eugene J. Malady filed an Emergency Petition for Special Relief to strike Plaintiff's Praecipe and asking Plaintiff be held in contempt for failing to abide by earlier court orders as to the accounting and withdrawal of marital funds.

On February 23, 2009, Judge Bradley found Plaintiff in civil contempt for willfully failing to comply with earlier agreements placed on the record on September 25, 2008 and December 22, 2008. Plaintiff was also fined $5,000.00 and counsel fees were

7

assessed in favor of Wife's attorney, Eugene J. Malady, Esquire, in the amount of
$2,500.00.   Plaintiff was also ordered to comply with all terms of earlier agreements and
Court Orders within ten (10) days of the February 23, 2008 hearing or face a period of
incarceration of one-hundred eighty (180) days in George W. Hill Correctional Facility
(Delaware County Prison).  Judge Bradley also signed Plaintiff's counsel's, Nichole M.
Thompson, Esquire's, Petition to Withdrawal as Counsel, herein attached and marked as
Exhibit "E".

On March 5, 2009, a felony arrest warrant for Plaintiff was issued by the
Pennsylvania State Police for interference with the custody of a child.  On March 9, 2009,
Eugene J. Malady filed a Petition for Contempt to enforce the Order signed by Judge
Bradley on February 23, 2009.  A hearing was scheduled for March 13, 2009.   On March
3, 2009, Plaintiff met with Defendant Scott D. Galloway, Esquire to seek representation.
On March 16, 2009, Plaintiff asked Defendant Galloway to withdrawal as his counsel.

In or around February or March 2011, Plaintiff filed a complaint with the
Disciplinary Board of the Supreme Court of Pennsylvania regarding Defendant Nichole
M. Thompson, Esquire.  His complaint alleged a violation of Rule of Professional
Conduct 1.4(c).  The matter was investigated and dismissed in a letter dated March 10,
2011 herein attached and marked as Exhibit "F."  Plaintiff was arrested on the felony
warrant by the Pennsylvania State Police on or around July 13, 2009.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the Complaint against the pleading
requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule (a)(2) requires that a
Complaint contain a short and plain statement of the claim showing that the Plaintiff is
entitled to relief "in order to give the Defendant fair notice of what the claim is and the
grounds upon which it rests." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).*
A Complaint must contain "sufficient factual matter, accepted as true, to "state a claim to
relief that is plausible on its face." *Ashcroft v. Iqbal, U.S. 129 S.Ct. 1937, 1949 (2009).*
Although the plausibility standard is not equivalent to a "probability requirement," it
demands more than a sheer possibility that the Defendant has acted unlawfully.  *Id.*  A
formulaic recitation of the elements of a cause of action does not suffice to meet the Rule

8 obligation of a "short and plain statement" of the claim and its grounds. *Twomby,* 550 U.S. at 555. Legal conclusions and "naked assertions" are not entitled to the presumption of truth and must be disregarded for purposes of resolving a Rule 12 (b)(6) motion. *Iqbal,* 129 S. Ct. at 1950. In Iqbal, the Supreme Court stated: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Furthermore, "Plaintiff's obligation to state the grounds of entitlement to relief 'requires more that labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Wilson v. Pallman,* 2009 WL 2448577 (E.D.Pa. 2009, O'Neil, J.) *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 511, 555.

### III.   LEGAL ARGUMENT

#### A.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Fed.R.Civ.P. 12(b)(6) provides that a Defendant in a civil case can file a Motion to Dismiss if a Plaintiff's Complaint "fails[s] to state a claim upon which relief can be granted." While it is true that Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint "must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Goldstein v. Bisoni Bede, Ltd.,* 2009 U.S. Dist. LEXIS 77012 (E.D. Pa., August 29, 2009). At *4, *quoting Ashcroft v. Igbal,* 129 S. Ct. 1937, 1949 (2009).

It is also the law that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more that labels and conclusions and a formulaic recitation of the elements of a cause of action will not do…" *Bell Atlantic Corporation v. Twombey,* 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "Conclusory allegations of liability do not suffice." *Boring v. Google, Inc.,* 2010 U.S. App. LEXIS 1891 (3d Cir. January 28, 2010) at *7.

> A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant. *Gross v. German Found Indus. Initiative,* 549 F.3d 605, 610 (3d Cir. 2008). Legal conclusions receive no such deference, and the court is 'not bound to accept as true a legal conclusion couched as factual allegation."

> *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1886) (*cited with approval in* Twombly, 550 U.S. at 555 (citations omitted)).  Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently "permit the court to infer more than the mere possibility of misconduct."  Iqbal, 129 S. Ct. at 1950.  In short, when the well-pleaded complaint does not permit us "to infer more than the mere possibility of misconduct," the pleader is ***not*** entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Circ. 2009) (quoting Iqbal, 129 S. Ct. at 1949) (emphasis added).

*Id.*

It is submitted that the allegations contained in Plaintiff's Complaint not only fail to meet the standards of pleading referred to above but are invalid on their face.  The Plaintiff merely cites various Rules of Professional Conduct, which does not create any private cause of action against attorneys.  *Goldhaber v. Higgins,* 2009 WL 565725, *13 (W.D.Pa. 2009) (*citing Molitoris v. Woods,* 422 Pa. Super. 1, 618 A.2d 985, 990 n. 5 (1992)); *see also* Pa.R.P.C., Preamble ("Violation of a Rule [of Professional Conduct] should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached…The [Rules] are not designed to be a basis for civil liability").

The criminal statutes cited in the Complaint, 18 U.S.C.  §§ 1621, 1622, and 1623, also does not provide a private right of action against Defendants.  For decisions holding that there is no private right of action under 18 U.S.C.  § 876, *see Shipp v. Donaher,* 2010 WL 1257972, *12 (E.D.Pa. Mar. 25, 2010) (*citing Weiss v. Sawyer,* 28 F. Supp. 2d 1221, 1227 (W.D.Okla. 1997); *Bryant v. Yellow Freight Sys.,* 989 F.Supp. 966, 968 (N.D.Ill. 1997).  For decisions holding that there is no private right of action under 18 U.S.C.  § 1621, 1622, or 1623, *see Fuller v. Unknown Officials from the Justice Dept. Crime Div.,* 387 Fed. Appx. 3 (D.C. Cir. 2010), which explains:

> To the extent appellant attempted to raise causes of actions based upon criminal statutes, there is no private cause of action for perjury, 18 U.S.C. §1621 subordination of perjury, 18 U.S.C. §1622; false declarations before a grand jury or court, 18 U.S.C. §1623…*See Central Bank of Denver v. First Interstate Bank of Denver,* 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (refusing to infer a private right of action from a "bare criminal statute"); *see also McDonnell Douglas Corp. v. Widnall,* 57 F.3d 1162, 1164 (D.C.Cir. 1995).

*Id.,* 387 Fed. Appx. At 4; *see also Thompson v. Kramer,* 1994 WL 725953, *15 (E.D.Pa. Dec. 29, 1994) (no private right of action under 18 U.S.C. §§ 1621-1622).

Plaintiff fails to state a cause of action under 42 U.S.C. §§ 1981, 1983, and 1985. 42 U.S.C. §§ 1981.  42 U.S.C. §§ 1981prohibits race discrimination.  *Gratz v. Bollinger,* 539 U.S. 244, 276, n. 23 (2003)(*citing McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 295-296 (1976)).  The Complaint dies not allege racial discrimination by any of the Defendants, whereby all parties to the action, Plaintiff included, are Caucasian.  This cause of action stemmed from divorce proceedings, not proceedings charged with racial misconduct.

In regards to 42 U.S.C. §§ 1983, which prohibits **state actors** from violating a citizen's constitutional rights, Title 42 does not apply.  Attorneys in divorce proceedings are not state actors, and therefore, cannot be liable under § 1983.  *Ludwig v. berks County, PA,* 313 Fed. Appx. 479 (3d Cir. 2008) (attorney that represented husband in custody proceedings was not state actor, and thus, could not be liable in mother's § 1983 action arising from custody proceedings); *Hagins v, Spina,* 267 Fed. Appx. 118 (3d Cir. 2008) (private attorney was not "person acting under color of state law,' as required for a claim under § 1983, by his representation of client in criminal matter); *Shallow v. Rogers,* 201 Fed. Appx. 901 (3d Cir. 2006) (former wife's attorney was not acting under color of law in representing wife in ongoing custody battle, and thus, was not state actor subject to liability under § 1983 for alleged violations of husband's civil and constitutional rights arising from order that he undergo psychological evaluation; attorney was private attorney, and husband failed to allege any action by attorney that was fairly attributable to State); *Finch v. Buechel,* 188 Fed. Appx. 139 (3d Cir. 2006) (patient could not maintain § 1983 action against her former physician and his attorney in connection with their defense of patient's state medical malpractice action, as there was no set of facts from which state action could be inferred on the part of physician and attorney); *Limehouse v. Delaware,* 144 Fed. Appx. 921 (3d Cir. 2005) (opposing counsel in civil litigation was not state actor for § 1983 purposes).

Plaintiff's § 1983 claim not only fails because Defendants, attorneys, are not state actors for purposes of this section, but because the contempt proceedings for which Plaintiff was incarcerated did not end in his favor.  Plaintiff appears to want this honorable Court to hold Defendants liable under § 1983 from his contempt sanction and subsequent jail sentence.  However, a right of action for wrongful imprisonment (or

11

malicious prosecution) does not exist unless the underlying criminal proceedings have been terminated in the Plaintiff's favor. *DiBella v. Borough of Beachwood,* 407 F.3d 599, 601 (3d Cir. 2005) (*citing Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir. 2003)). Plaintiff's claim fails because Plaintiff was imprisoned on a civil matter, not criminal as the law requires, and the contempt proceedings against him have never been reversed.

An action under 42 U.S.C. § 1985 cannot exist unless there is a valid cause of action stated under 42 U.S.C. § 1983. *Berg v. Obama,* 574 F.Supp. 2d 509, 523 (E.D.Pa. 2008) (*citing Escamilla v. Santa Ana,* 606 F. Supp. 928, 934 (C.D.Cal. 1985); *Wiggins v. Hitchens,* 853 F.Supp. 505, 510 (D.D.C. 1994)). Since Plaintiff's § 1983 claim fails for the reasons set forth above, the § 1985 claim fails as well.

Also in the Complaint, Plaintiff alleges five claims. First, Plaintiff alleges "severe emotional distress." (Complaint at para. 71-74). To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. *Hooten v. Penna. College of Optometry*, 601 F.Supp. 1151, 1155 (E.D.Pa.1984); Restatement (Second) of Torts s. 46. While Pennsylvania courts recognize a cause of action for intentional infliction of emotional distress, they have allowed recovery in only *very* egregious cases. See *Papieves v. Kelly*, 437 Pa. 373, 263 A.2d 118, (1970)(concealing child's death and withholding body from parents). In this instance, Plaintiff fails to establish the required elements to support his claim.

Second, Plaintiff alleges "intentional and reckless disregard," which fails to state a claim for which relief may be granted. (Complaint at para. 75-78). Since "intentional and reckless disregard" is not a legitimate claim, it also should be dismissed for failure to state a claim for which relief can be granted.

Third, Plaintiff alleges "outrageous conduct," which clearly fails to state a claim for which relief may be granted. (Complaint at para. 79 – 82).

The fourth claim Plaintiff alleges is "negligent infliction of emotional distress." (Complaint at para. 83-86). Under Pennsylvania law, negligent infliction of emotional distress is a narrow tort, which generally requires the Plaintiff to have witnessed an

accident or traumatic injury to a close relative, caused by the defendant. See, e.g., *Love v. Kramer,* 606 A2d. 1175 (Pa. Super. 1992).  If a person "does not experience a sensory and contemporaneous observance of the injury," then they cannot state a claim. *Id.* The person seeking the damages must suffer physical injury as a result of actually witnessing the harm to a close relative. *Id.* (citing *Mazzagatti v. Everingham by Everingham*, 512 Pa. 266, 516 A.2d 672 (1986).  The Pennsylvania Supreme Court has stated that, in order to have a cause of action for negligent infliction of emotional distress, three (3) elements must be met: (1) Plaintiff must be located near the scene of the accident as contrasted with one who is a distance away from it; (2) The shock must result from a direct emotional impact upon Plaintiff from the sensory and contemporaneous observance of the accident; and (3) The Plaintiff and the victim must be ***closely related***, as contrasted with an absence of any relationship or the presence of only a distant relationship.  *Sinn v. Burd*, 404 A.2d 672, 685 (Pa. 1979).  Plaintiffs' Complaint clearly lacks the essential elements to state a claim of negligent infliction of emotional distress, and therefore the claim does not apply.

Lastly, Plaintiff alleges "abuse of process."  (Complaint at para. 87-90).  In order to establish a claim for abuse of process, the plaintiff in the **second** action must prove that the original plaintiff: (1) used a legal process against the current plaintiff; (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.  *Werner v. Plater-Zyberk*, 799 A.2d 776 (Pa.Super. 2002).  It is not necessary that the prior proceedings be terminated in order to bring a claim for abuse of process., nor is it necessary that there be no probable cause for the original action.  The basis of the action is improper ulterior motive, not the absence of probable cause. However, in this instance, the Plaintiff has brought the original action and no legal action has been filed against the Plaintiff.  This common law claim is also not applicable in this instance and should be dismissed for failure to state a claim for which relief can be granted.

The mere recitation of the Rules of Professional Conduct and Titles 18 and 42, without anything more, is insufficient to state a claim for relief under the Federal Rules of Civil Procedure.  Such bare-boned allegations clearly do not "give the defendant[s] fair notice of what the claim is and the grounds upon which it rests."  *Conley v. Gibson,* 35

U.S. 41, 47 (1957), quoted in *Twombley, supra,* 550 U.S. at 555.  The same thing can be said for Plaintiff's allegations of severe emotional distress, intentional and reckless disregard, outrageous conduct, negligent infliction of emotional distress, and abuse of process, which are purely conclusory in nature, lack any details or specifics, are clearly speculative, and do not make a "plausible" claim for entitlement to relief.  (Complaint at pages 13-38).

WHEREFORE, the Defendant Thompson, hereby requests this Honorable Court grant Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

### B.  <u>MOTION TO DISMISS UNDER RULE 12(b)(3) FOR IMPROPER VENUE</u>

Plaintiff, David J. Nuyannes ("Nuyannes") has filed the instant action in the United States District Court for the Eastern District of Pennsylvania ("Eastern District"). However, venue is not appropriate in the Eastern District because the events and/or omissions giving rise to the subject of this action are alleged violations of the Pennsylvania Rules of Professional Conduct; matters which should be heard by the Disciplinary Board of the Supreme Court of Pennsylvania.

WHEREFORE, Defendants respectfully request that the Plaintiff's Complaint be dismissed for improper venue pursuant to F.R.C.P. 12(b)(3) or, alternatively, that the case be transferred to the Disciplinary Board of the Supreme Court of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

### C.  <u>PLAINTIFF'S COMPLAINT LACKS OF PERSONAL JURISDICTION UNDER RULE 12(B)(2)</u>

The Plaintiff bears the burden of demonstrating by a preponderance of the evidence that Defendants have sufficient contacts with the forum state to give the court in personam jurisdiction.  See *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir. 1984); *Peek v. Golden Nugget Hotel and Casino,* 806 F. Supp. 555, 556 (E.D. Pa. 1992)(Bartle, J.); *Feingold v. Aronow Powerboats,* 1990 WL 99113 *1 (E.D. Pa. July 12, 1990) (Fullman, J.).  This burden must be accomplished through "sworn affidavits or other competent evidence." *Time Share Vacation Club,* 745 F. 2d at 67 n.9;

*Feingold*, 1990 WL 99113 at *1.  "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.  Once a motion is made, Plaintiff must respond with actual proofs, not mere allegations," *Time Share Vacation Club*, 735 F.2d at 67 n9.

Plaintiff not only claims he is a resident of the state of Delaware to establish diversity jurisdiction, but that the amount in controversy is over $75,000.00, which would allow the Unites States District Court for the Eastern District of Pennsylvania to hear this matter.  However, at the time of the allegation contained in the Complaint, all acts alleged, took place in Delaware County, Pennsylvania by residents of Delaware County.  Also, the amount in controversy is not in excess of $75,000.00 as claimed by Plaintiff in the Prayer for Relief section of the Complaint.  (Complaint at page 38).  It is in Plaintiff's Prayer for Relief section of the Complaint that, for the first time, any monetary loss is ever alleged, without any supporting fact or allegations in the entire Complaint.  Plaintiff merely makes an allegation of an estimated loss without any evidence supporting his claim.  Therefore, jurisdiction is not proper in the Eastern District.

Finally, even where an exercise of in personam jurisdiction might otherwise be proper, a court should properly decline to exercise jurisdiction if it would be unreasonable to do so.  *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985); *World-Wide Volkswagen*, 444 U.S. at 292.  When determining the reasonableness of the assertion of jurisdiction over a defendant, a court may evaluate several factors, including the relative burden on the defendant, the interests of the forum in the litigation, and the plaintiff's interest in obtaining relief.  *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102 (1987); *World-Wide Volkswagen*, 444 U.S. at 292.  Plaintiff's lone allegations center around alleged acts of the Defendants which occurred in Delaware County Court of Common Pleas, with the majority of his allegations centering around violations of the Pennsylvania Rules of Professional Conduct.  It is unfair to allow a Plaintiff to choose the forum based solely on its own convenience when there is nothing material to the case that actually occurred in the Eastern District and the proper tribunal to hear such matters is the Disciplinary Board of the Supreme Court of Pennsylvania.

WHEREFORE, the Defendant Thompson, hereby requests this Honorable Court dismiss Plaintiff's Complaint in its entirety and with prejudice for lack of personal

jurisdiction, or in the alternative, transfer the case to the Disciplinary Board of the Supreme Court of Pennsylvania  pursuant to 28 U.S.C. § 1404(c) for the reasons set forth.

### D. **PLAINTIFF'S COMPLAINT LACKS SUBJECT MATTER JURISDICTION UNDER RULE 12(B)(1)**

The only basis for subject matter jurisdiction alleged in Plaintiff's Complaint is pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332.  Under 28 U.S.C. §1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," however, Plaintiff's Complaint does not allege any violations of the Constitution, laws or treaties of the United States.  The majority of Plaintiff's allegations center around alleged violations of the Pennsylvania Rules of Professional Conduct.  Under 28 U.S.C. §1332, Plaintiff claims diversity of citizenship as well as an amount in controversy over $75,000.00.  However, Plaintiff fails to make any claim in the Complaint regarding any monetary loss, let alone an amount in controversy over $75,000.00.

Under a Fed.R.Civ.P. 12(b)(6) motion, the Court evaluates the merits of the claims by accepting all allegations in the Complaints as true, viewing them in the light most favorable to the Plaintiff, and determining whether they state a claim as a matter of law.  In contrast, a dismissal based on lack of subject matter jurisdiction goes to the trial court's very power to hear the case.  No presumptive truthfulness attaches to a Plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Burg v. United States HHS,* 387 Fed. Appx. 237 (3d Cir. Pa. 2010).

As previously stated, Plaintiff's Complaint is simply a recitation of facts with no legal basis for a claim.  The Plaintiff claims several violations of the Pennsylvania Rules of Professional Conduct by the Defendants, which are governed by the Disciplinary Board of the Supreme Court of Pennsylvania, and fails to state any claims arising under 28 U.S.C. §1331 or §1332.  (Complaint at para. 9).  Plaintiff also alleges violations of Title 18, which are handled in criminal court, and Title 42, which also does not apply to the Defendants.   (Complaint at para. 9).  It is Defendants' position that the Federal Court does not have subject matter jurisdiction to hear and/or determine if the Plaintiff may

recover due to alleged violations of the Pennsylvania Rules of Professional Conduct. Clearly, it is the intent of the Supreme Court in creating the Disciplinary Board and promulgating the Rules of Professional Conduct, to have that board review such actions of attorneys to determine if any of the alleged violations of the Rules have in fact occurred.

According to Pennsylvania Rules of Professional Conduct, Rule 8.3 (Reporting Professional Misconduct), Section (5) states, "A report should be made to the bar disciplinary agency unless some other agency, such as a peer review agency, is more appropriate in the circumstances. Similar considerations apply to the reporting of judicial misconduct." (Pa. R.P.C. 8.3(5)).  Furthermore, under Pa.R.P.C. 8.5(a) "*Disciplinary Authority:*

> "A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer's conduct occurs. A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction. A lawyer may be subject to the disciplinary authority of both this jurisdiction and another jurisdiction for the same conduct."

Plaintiff had the opportunity to report any alleged misconduct on the part of Defendants to the Disciplinary Board and it appears he has done so.  Plaintiff is aware of this tribunal, as evidenced by his reporting Defendant Thompson to the Disciplinary Board and his complaint being dismissed via letter dated March 10, 2011 (Exhibit "F").

WHEREFORE, Defendant Nichole M. Thompson, Esquire hereby requests this Honorable Court dismiss Plaintiff's Complaint in its entirety and with prejudice for lack of subject matter jurisdiction.

### E.  **PLAINTIFF'S COMPLAINT WAS FILED BEYOND THE STATUTE OF LIMITATIONS**

It is indisputable that the time period for the Statue of Limitations in an alleged legal malpractice action is two (2) years and begins when the Plaintiff knows or should have known of said alleged malpractice.  This two-year statute of limitations also governs Plaintiff's civil rights actions under 42 U.S.C. §§ 1981, 1983, and 1985.  *Reitz v. Bucks,* 125 F.3d 139, 143 (3d Cir. 1997); *Kost v. Kozakiewicz,* 1 F.3d 176, 190 (3d Cir. 1993).

In this instance, Defendant Nichole M. Thompson, Esquire was retained on or about December 20, 2008.  (Complaint at para. 10).  Plaintiff claims Defendant Thompson violated Pennsylvania Rule of Professional Conduct 8.4 on December 25, 2008.  (Complaint at para. 21).  Plaintiff also contends Defendant Thompson was not prepared for a support hearing on January 8, 2009 and "…knew very little if anything about family law, or worse, she was deliberately not advocating for him."  (Complaint at para. 29, 32-33).  Plaintiff set up a meeting with Defendant Thompson and a third-party on January 15, 2009 to obtain the third party's "…opinions of Defendant Thompson's answers to his questions."  (Complaint at para. 35).  By Plaintiff's own admission, during the January 15, 2008 meeting both Plaintiff and Defendant Thompson agreed she would no longer represent him but would still file the Preacipe to Withdrawal the Complaint in Divorce and Custody.  (Complaint at para. 38).

The alleged basis for Plaintiff's claims for malpractice was known to him on or about December 25, 2008, when he claims Defendant Thompson violated the Rules of Professional Conduct, and most certainly by January 15, 2009, when both parties agreed representation would cease.  The majority of Plaintiff's allegations in the Complaint occurred during and after representation by Defendant Thompson (whereby representation began on or about December 20, 2008 and ending on or about January 15, 2008).  Additionally, it was made clear by both parties that representation was to cease on or about January 15, 2009, as evidenced by Plaintiff's admission in the Complaint. (Complaint at para. 38).  Plaintiff filed this action in the Eastern District Court of Pennsylvania on March 24, 2011, more than two (2) years and two (2) months after representation by Defendant Thompson ended and more than two (2) years after the alleged incidents occurred.  Clearly, Plaintiff is outside the Statute of Limitations and the Complaint is time-barred and should be dismissed with prejudice.

WHEREFORE, the Defendant Thompson, hereby requests this Honorable Court dismiss Plaintiff's Complaint since it was filed beyond the two-year statute of limitations.

## IV.    CONCLUSION

As asserted above, the Plaintiff's Complaint fails to state a claim for which relief can be granted, the Complaint was filed in the improper venue, the Court lacks personal

jurisdiction, the Court lacks subject matter jurisdiction, and the Complaint was filed beyond the Statute of Limitations, and the Complaint lacks merit as it applies to Defendant, Nichole M. Thompson, Esquire and Nichole M. Thompson, Individual. Nichole M. Thompson, Esquire and Nichole M. Thompson, Individual, joins in any motion to dismiss by any co-defendant in this case to the extent that these motions provide defenses to Defendant Thompson.  As such, Defendant Nichole M. Thompson, respectfully requests this Honorable Court enters an Order dismissing Plaintiff's Complaint in its entirety and with prejudice.

Respectfully submitted,

_____
Nichole M. Thompson, Esquire
P.O. Box 1644
Media, PA  19063
(610) 716-7571
nicholethompsonesquire@yahoo.com

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. NUYANNES, Individually, | : | CIVIL ACTION |
| 1435 Kynlyn Drive, Wilmington, DE 19809 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| NICHOLE MARIE THOMPSON, ESQUIRE, | : | NO. 11-2029 |
| And NICHOLE MARIE THOMPSON, | : | |
| Individual, P.O. Box 1644, Media, PA  19063 | : | |
| | : | |
| EUGENE J. MALADY, ESQUIRE, and | : | |
| EUGENE J. MALADY, Individual | : | |
| 211-213 North Olive Street, Media, PA 19063 | : | |
| | : | |
| SCOTT D. GALLOWAY, ESQUIRE, and | : | |
| SCOTT D. GALLOWAY, Individual | : | |
| 1215 West Baltimore Pike, Media, PA  19063 | : | |
| | : | |
| Defendants | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Nichole M. Thompson, Esquire, here by certify that on this day I am serving the foregoing document upon the following persons by sending a copy to their offices as indicated below.

The United States District Court of the Eastern District of Pennsylvania
Office of the Prothonotary
601 Market Street, Room 2609
Philadelphia, PA  19106-1797

David Nuyannes
1435 Kynlyn Drive
Wilmington, DE  19809

_____
Nichole M. Thompson, Esquire

20

NICHOLE M. THOMPSON, ESQUIRE
I.D. No. 201291
P.O. Box 1644
Media, PA  19063
Phone:  (610) 716-7571
Fax: (610) 328-2953
nicholethompsonesquire@yahoo.com

**VERIFICATION**

NICHOLE M. THOMPSON, ESQUIRE, hereby states that she is the attorney for the Defendant in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of her knowledge, information, and belief.  The undersigned understands that the statements made therein are made subject to the penalties of 18 Pa. C.S. Section 4909 relating to unsworn falsification to authorities.

_____
BY:  Nichole M. Thompson, Esquire