IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID NUYANNES, | : | CIVIL ACTION |
| | : | No. 11-cv-02029-RB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NICHOLE THOMPSON, ESQUIRE; | : | |
| SCOTT GALLOWAY, ESQUIRE; and | : | |
| JOHN DOES, 1-10, | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

**BRIEF OF DEFENDANT, SCOTT GALLOWAY, ESQUIRE,
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT,
GALLOWAY'S NOTICE OF INTENT RE: CERTIFICIATE OF MERIT**

Defendant, Scott Galloway, Esquire, by and through his attorneys, O'Brien and Ryan, LLP, submits the following brief in opposition to Plaintiff's Motion to Strike Defendant, Galloway's Notice of Intent re: Certificate of Merit, and states as follows:

**I.     FACTUAL AND PROCEDURAL HISTORY**

On March 24, 2011, Plaintiff, David Nuyannes, filed a *pro se* complaint sounding in legal malpractice against defendants including Scott Galloway, Esquire ("Defendant"). The defendants filed motions to dismiss on the grounds that, *inter alia*, Plaintiff's Complaint failed to state a claim upon which relief could be granted, and because Plaintiff had failed to comply with the applicable statute of limitations.

Matthew B. Weisberg, Esquire entered his appearance on behalf of Plaintiff on August 10, 2011 and filed an Amended Complaint on September 19, 2011, thereby mooting the motions to dismiss. On September 23, 2011, Defendant filed a Notice of Intention to Enter Judgment of Non Pros on Professional Liability Claim pursuant to Pennsylvania Rule of Civil Procedure

1042.6 ("Notice"). In accordance with Defendant's Notice, Defendant intended to enter a judgment of non pros (or the federal equivalent thereof) on the thirty-first day following his Notice – unless of course, Plaintiff filed an appropriate certificate of merit in the interim.

Plaintiff now files a Motion to Strike Defendant, Galloway's Notice of Intent re: Certificate of Merit seeking to strike Defendant's Notice, or, in the alternative, for a sixty-day extension of time to file a certificate of merit. For the following reasons, Defendant respectfully requests that Plaintiff's Motion be denied in its entirety and the attached order be entered.

## II. LEGAL ARGUMENT

### A. PLAINTIFF'S AMENDED COMPLAINT DOES RESET THE TIME BY WHICH PLAINTIFF MUST FILE A CERTIFICATE OF MERIT.

Plaintiff, without citation to case law, argues that Defendant was not permitted to file his Notice until the thirty-first day following the filing of his First Amended Complaint. Pl. Mot. ¶ 2-6. This contention is wrong. Plaintiff's Amended Complaint does not reset the time by which Plaintiff must file a certificate of merit.

As a preliminary matter, it is important to note that Plaintiff does not argue that no certificate of merit is required. In fact, Plaintiff agrees that this "is an action in professional (legal) malpractice, pertinently, against Defendant, Galloway." Pl. Mot, ¶ 1. The Court has jurisdiction over this matter pursuant to diversity and supplemental jurisdiction. It is well established that the certificate of merit requirement found in the Pennsylvania Rules of Civil Procedure is substantive law which applies to professional liability actions venued in federal court. See, e.g., Iwanejko v. Cohen & Grigsby, P.C., 249 Fed.Appx. 938, 943-44 (3d Cir. 2007); Stroud v. Abington Mem'l Hosp., 546 F.Supp.2d 238, 248 (E.D. Pa. 2008). Therefore, the question before the Court is not *whether* Plaintiff must file a certificate of merit as to Defendant, but *when* Plaintiff must file a certificate of merit.

A number of courts have considered the question of whether an amended complaint resets the time by which the plaintiff in a professional liability action must file a certificate of merit. They have uniformly held that it does not. As stated by United States Magistrate Judge David R. Strawbridge, "Pennsylvania's Superior Court has consistently held that the sixty-day period for filing the [certificate of merit] runs from the time of filing the original Complaint and is not restarted or otherwise tolled by the filing of any subsequent amended complaints." Stroud, 546 F.Supp. at 249) (citing Ditch v. Waynesboro Hosp., 917 A.2d 317, 325-26 (Pa. Super. 2007); Yee v. Roberts, 878 A.2d 906, 910 (Pa. Super. 2005); O'Hara v. Randall, 879 A.2d 240, 244-45 (Pa. Super. 2005); Hoover v. Davila, 862 A.2d 591, 594 (Pa. Super. 2004)). Pennsylvania Rule of Civil Procedure 1042.3(a) requires a plaintiff in a professional liability action to "file with the complaint or within sixty days after the filing of the complaint, a certificate of merit . . . ." As explained by the Pennsylvania Superior Court in Ditch, "the term 'filing' refers to the 'initial commencement of an action . . . .'" 917 A.2d at 326 (quoting O'Hara, 879 A.2d. at 245). "Therefore, 'the filing of an amended complaint does not afford the plaintiff an additional sixty days in which to file a certificate of merit.'" Id.

Accordingly, Plaintiff's Amended Complaint has no bearing on the time in which Defendant was permitted to file his Notice. As Plaintiff's original Complaint was filed on March 24, 2011, Defendant was permitted to file his Notice as early as thirty-one days later, April 24, 2011. Therefore, Defendant's Notice, filed on September 23, 2011, is proper and should not be stricken.

### B. PLAINTIFF HAS FAILED TO DEMONSTRATE GOOD CAUSE FOR AN EXTENSION OF TIME TO FILE A CERTIFICATE OF MERIT.

In the alternative, Plaintiff seeks an extension of time to file a certificate of merit. For the following reasons, Plaintiff has failed to demonstrate good cause and this request should be denied.

Pursuant to Pennsylvania Rule of Civil Procedure 1042.3(d), "[t]he court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days." The Official Note provides additional guidance as to what constitutes good cause.

> In ruling upon a motion to extend time, the court shall give appropriate consideration to the practicalities of securing expert review. There is a basis for granting an extension of time within which to file the certificate of merit if counsel for the plaintiff was first contacted shortly before the statute of limitations was about to expire, or if, despite **diligent efforts by counsel**, records necessary to review the validity of the claim are not available (emphasis added).

Plaintiff's Motion does not demonstrate good cause for an extension of time to file a certificate of merit. Instead, Plaintiff merely argues that "counsel was not retained until immediately preceding the [First Amended Complaint], and is yet in receipt of plaintiff's client file from Defendants." Pl. Mot. ¶ 6. While Defendant is sensitive to Plaintiff's apparent difficulty in obtaining counsel, this does not excuse Plaintiff's delay in complying with applicable court rules.

Plaintiff's original Complaint was filed on March 24, 2011. As described above, had Defendant filed a his Notice on April 24, 2011, judgment of non pros could have been entered as early as May 25, 2011. Therefore, Plaintiff has already received a tacit five month extension. Additionally, Mr. Weisberg entered for Plaintiff over one month ago, on August 10, 2011. There is no evidence that Plaintiff has moved closer to providing a certificate of merit in the month between Mr. Weisberg's entry and Defendant's Notice. In fact, Plaintiff only requested a copy

his "entire client file" from Defendant by letter on September 27, 2011, after Defendant filed his Notice. Quite simply, neither Plaintiff nor Mr. Weisberg have been diligent in obtaining the documents required to file a certificate of merit.

Furthermore, Plaintiff's argument for an extension to file a certificate of merit is internally inconsistent with his filing of a complaint and amended complaint – *pro se* and through counsel, respectively. A certificate of merit is merely a threshold showing of merit – "a written statement that there exists a **reasonable probability** that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa.R.C.P. 1042.3(a) (emphasis added). It is lower standard than the standard required to establish a *prima facie* case of professional liability, that there exists a **reasonable degree of professional certainty** that a professional deviated from the applicable standard of care. However, the standard for a certificate of merit is similar to the standard set forth of Federal Rule of Civil Procedure 11(b)(3). Rule 11(b)(3) requires that "the factual contentions [in a pleading presented to the court] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Notably, Plaintiff's First Amended Complaint does not identify factually allegations which require further investigation or discovery. As Plaintiff is not able to obtain a certificate of merit based on the documents in his possession and the information known to him, it raises a question of regarding the basis for his complaint and amended complaint against Defendant.

Defendant principally seeks to avoid the scenario where Plaintiff requests a series of extensions.[1] This matter is already over six months old. The purpose of the certificate of merit requirement is to prevent defendants in professional liability actions from having to expend significant time and resources participating in proceedings and discovery in actions which lack a threshold showing of merit. Those protections should be afforded to Defendant in this matter.

### III. CONCLUSION

For the reasons set forth above, Defendant, Scott Galloway, Esquire, respectfully requests that this Honorable Court deny Plaintiff's Motion to Strike Defendant, Galloway's Notice of Intent re: Certificate of Merit and enter the attached order.

Respectfully submitted

**O'BRIEN & RYAN, LLP**

*s/ Jeffrey P. Brien*
MARSHALL L. SCHWARTZ
JEFFREY P. BRIEN
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
(610) 834-8800
(610) 834-1749
mscwhartz@obrlaw.com
jbrien@obrlaw.com

*Attorneys for Defendant,*
Scott Galloway, Esquire

Dated: September 29, 2011

---

[1] Of course, Plaintiff's Motion itself "tolls the time period within which a certificate of merit must be filed until the court rules upon the motion" and, therefore, acts as a *de facto* extension. Pa.R.C.P. 1042.3(d).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID NUYANNES, | : | CIVIL ACTION |
| | : | No. 11-cv-02029-RB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NICHOLE THOMPSON, ESQUIRE; | : | |
| SCOTT GALLOWAY, ESQUIRE; and | : | |
| JOHN DOES, 1-10, | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the date indicated below, a copy of the attached Brief in Opposition to Plaintiff's Motion to Strike Defendant, Galloway's Notice of Intent re: Certificate of Merit is viewable on the ECF filing system and electronic notice was sent to the following:

Matthew B. Weisberg, Esquire
Weisberg Law, P.C.
7 South Morton Avenue
Morton, PA 19070

The attached Brief in Opposition to Plaintiff's Motion to Strike Defendant, Galloway's Notice of Intent re: Certificate of Merit was also served upon the following via First Class Mail, postage pre-paid:

Nichole Thompson, Esquire
P.O. Box 1644
Media, PA 19063

 

             **O'BRIEN & RYAN, LLP**

             *s/ Jeffrey P. Brien*
             MARSHALL L. SCHWARTZ
             JEFFREY P. BRIEN
             Hickory Pointe
             2250 Hickory Road, Suite 300
             Plymouth Meeting, PA 19462
             (610) 834-8800
             (610) 834-1749
             mscwhartz@obrlaw.com
             jbrien@obrlaw.com

             *Attorneys for Defendant,*
             Scott Galloway, Esquire

Dated: September 29, 2011