IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID NUYANNES, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 11-2029 |
| NICHOLE THOMPSON, ESQUIRE, | : | |
| SCOTT GALLOWAY, ESQUIRE; and | : | |
| JOHN DOES 1-10, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                          November 8, 2011

Currently pending before the Court are Motions by Plaintiff David Nuyannes to Strike the Notices of Intent Filed by Defendants Scott Galloway and Nichole Thompson or, in the alternative, for an Extension of Time to file a Certificate of Merit. For the following reasons, the Motions are granted in part and denied in part.

**I.     BACKGROUND**

On March 24, 2011, Plaintiff David Nuyannes initiated this lawsuit against Nichole Thompson, Esq., Scott Galloway Esq., and several unnamed Defendants. The pro se Complaint alleged malpractice, perjury, false declarations before the court, conspiracy, civil action for deprivation of rights, and unlawful use of civil procedure during and after Defendants' representation of Plaintiff and his wife in their divorce, support, and custody proceedings. Both Defendants Thompson and Galloway moved to dismiss, following which Plaintiff retained

counsel. Counsel filed a First Amended Complaint on September 19, 2011, thereby mooting the Motions to Dismiss. The First Amended Complaint set forth four separate causes of action: (1) professional negligence/malpractice; (2) breach of contract and/or the covenant of good faith and fair dealing; (3) breach of fiduciary duty; and (4) malicious prosecution in violation of the First and Fourteenth Amendments to the United States Constitution.

On September 23, 2011 and September 30, 2011 respectively, Defendants Galloway and Thompson filed Notices of Intent to Enter Judgment of Non Pros on the Professional Liability Claims. These Notices stated, in pertinent part, that pursuant to Pennsylvania Rule of Civil Procedure 1042.7, they intended to enter Judgment Non Pros against Plaintiff within thirty days of the respective Notices if a certificate of merit was not filed as required by Pa. R. Civ. P. 1042.3. Plaintiff thereafter filed two separate Motions to Strike these Notices of Intent, claiming that they were premature and should not have been filed until thirty-one days after the filing of the First Amendment Complaint. Defendants have responded to these Motions and Plaintiff filed Reply Briefs, making the Motions ripe for consideration.

**II.    DISCUSSION**

Under Pennsylvania Rule of Civil Procedure 1042.3:

> In *any action based upon an allegation that a licensed professional deviated from an acceptable professional standard*, the attorney for the plaintiff, or the plaintiff if not represented, *shall file with the complaint or within sixty days after the filing of the complaint*, *a certificate of merit* signed by the attorney or party that either
> . . .
> (1)  an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause bringing about the harm, or
> . . .

>   (2)  the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for who this defendant is responsible deviated from an acceptable professional standard, or
>   . . .
>   (3)  expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. No. 1042.3(a) (emphasis added).  In the absence of a certificate of merit, Rule 1042.6 provides that a defendant may seek to enter a judgment of non pros on the professional liability claim.  Pa. R. Civ. P. 1042.6.  In order to do so, the defendant must file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, "no sooner than the thirty-first day after the filing of the complaint," unless the court has previously granted a motion to extend the time to file the certificate and the plaintiff has failed to file it within the extended time.  Id.  Thereafter, under Rule 1042.7, the prothonotary shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time, provided that: (1) there is no pending motion either to determine that the filing of a certificate is not required or to extend the time to file the certificate; (2) no certificate of merit has yet been filed; (3) the defendant has attached to the praecipe a certificate of service of the notice of intention to seek entry of the judgment non pros; and (4) the praecipe is filed no less than thirty days after the date of filing of the notice of intention to enter the judgment of non pros.  Pa. R. Civ. P. 1042.7.

Although this Rule stems from Pennsylvania civil procedure, the United States Court of Appeals for the Third Circuit has recognized that it constitutes substantive law that must be applied by federal courts in professional liability cases arising under Pennsylvania common law.  Booker v. U.S., 366 Fed. Appx. 425, 426 (3d Cir. 2010); Iwanejko v. Cohen & Grigsby, P.C.,

249 Fed. Appx. 938, 943-44 (3d Cir. 2007); Ramos v. Quien, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008); Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 509-10 (E.D. Pa. 2004). When such a case is proceeding in federal court, the failure to submit a certificate of merit is a possible ground for dismissal under Rule 12(b)(6). Martinez v. Kubala, No. Civ.A.09-0026, 2011 WL 3740285, at *2 (E.D. Pa. Aug. 24, 2011).

The current Motions argue that pursuant to Rule 1042.6(a), Defendants' Notices of Intent are premature. Specifically, Plaintiff asserts that both Notices were submitted prior to the elapse of thirty-one days after the filing of Plaintiff's First Amended Complaint, since that document was filed on September 16, 2011 and the two Notices were filed on September 23 and 30, 2011.

As Defendants aptly point out, however, the date of the First Amended Complaint has no bearing on the original limitations period. In the Rule, the term "filing" refers to the "initial commencement of an action," which is the date the original complaint was delivered to the court personnel. Ditch v. Waynesboro Hosp., 917 A.2d 317, 326 (Pa. Super. 2007), aff'd 17 A.2d 310 (Pa. 2011). Thus, "the filing of an amended complaint does not afford the plaintiff an additional sixty days in which to file a certificate of merit." Id. (quoting O'Hara v. Randall, 879 A.2d 240, 245 (Pa. Super. Ct. 2005)); see also Smith v. Albert Einstein Med. Ctr., No. Civ.A.08-5689, 2009 WL 2487417, at *6 (E.D. Pa. Aug. 12, 2009). Rather, the certificate of merit must be filed within sixty days of filing the original complaint. Going from the date of filing of the initial Complaint in this case, on March 24, 2011, Defendants were free to file their Notice of Intent any time after April 23, 2011. Accordingly, the Court denies Plaintiff's Motions to Strike these Notices.

Alternatively, Plaintiff now seeks an extension of time in which to file his certificate of

merit. In support of his requested extension, Plaintiff argues that he initially proceeded pro se and counsel was not obtained until immediately preceding the filing of the First Amended Complaint. Plaintiff also contends that he is not yet in receipt of his client file from the defendants.

Pennsylvania Rule of Civil Procedure 1042.3(d) addresses extensions of time for filing certificates of merit and states that:

> The court, *upon good cause shown*, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of non pros on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed.

Pa. R. Civ. P. 1042.3(d) (emphasis added). The Note to this section provides some guidance on what constitutes "good cause":

> In ruling upon a motion to extend time, the court shall give appropriate consideration to the practicalities of securing expert review. There is a basis for granting an extension of time within which to file the certificate of merit if counsel for the plaintiff was first contacted shortly before the statute of limitations was about to expire, or if, despite diligent efforts by counsel, records necessary to review the validity of the claim are not available.

Pa. R. Civ. P. 1042.3, Note.

Defendants argue that Plaintiff's Motion does not demonstrate good cause for several reasons. First, they note that Plaintiff's original Complaint was filed on March 24, 2011, meaning that if Defendants had filed their Notices on the earliest possible date of April 24, 2011, judgment of non pros could have been entered by May 25, 2011. As such, "Plaintiff has already received a tacit five month extension." (Def. Thompson's Opp'n Mot. to Strike 4; Def.

Galloway's Opp'n Mot. to Strike 4.)  Moreover, Defendants remark that Plaintiff's counsel entered his appearance on August 10, 2011 and there is still no evidence that Plaintiff has moved closer to providing the certificate.  In fact, Plaintiff's counsel only requested a copy of his entire file – despite Plaintiff having had a copy since May of 2009 – on September 27, 2011, after Defendants filed their Notices.  Further, Defendants argue that Plaintiffs' ability to file a First Amended Complaint underscores the fact that he should have enough information upon which to file a certificate of merit.  Finally, Defendants emphasize that they principally seek to avoid the scenario where Plaintiff requests a series of extensions.

     Notwithstanding Defendants concerns, the Court finds sufficient good cause on which to grant an extension of time.  Plaintiff filed his original Complaint in March of 2011, but did not obtain counsel until August 10, 2011.  Both Defendants have expressly noted that they are "sensitive to Plaintiff's apparent difficulty in obtaining counsel for this matter."  (Def. Thompson's Opp'n Mot to Strike 4, Def. Galloway's Opp'n Mot to Strike 4.)  Immediately after counsel entered his appearance, he moved for voluntary dismissal of one of the named defendants and had to respond to Defendants' Motions to Dismiss, which he did by filing the First Amended Complaint on September 19, 2011.  Only four days later, Defendant Galloway filed his Notice of Intent, followed by Defendant Thompson's one week later.  Plaintiff's counsel acted promptly and, within a week of each Notice, moved to strike the Notices and, alternatively, request extensions of time for filing the certificates of merit.  Putting aside the delay occasioned by Plaintiff's pro se status, nothing in this procedural history bolsters Defendants' shared concern that Plaintiff will hinder the progress of this action by seeking a series of extensions.  Indeed, since entering his appearance, Plaintiff's counsel seems to have acted with all due expediency.

To the extent Plaintiff begins to exhibit a pattern of delay, the Court may revisit Defendants' concerns at that time.

Accordingly, under Rule 1042.3, the Court, while denying the Motions to Strike, shall grant a sixty day extension of time in which Plaintiff may file his certificate of merit. For Defendant Galloway, Plaintiff had thirty days from September 23, 2011 — the date on which the Notice of Intent was filed — in which to file his certificate of merit. He filed his Motion to Strike and/or for an Extension of Time on September 27, 2011, thereby letting four days elapse. As that Motion tolled the time period in which the certificate had to be filed, Plaintiff shall now have the remaining twenty-six days, plus an additional sixty days (a total of eighty-six days from the date of this Order) in which to file his certificate of merit for Defendant Galloway. Likewise, for Defendant Thompson, Plaintiff had thirty days from September 30, 2011 — the date on which her Notice of Intent was filed — in which to file his certificate of merit. He submitted his Motion to Strike and/or for an Extension of Time on October 6, 2011, therefore letting six days elapse. Thus, Plaintiff now has the remaining twenty-four days, plus an additional sixty days (a total of eighty-four days from the date of this Order) in which to file his certificate of merit for Defendant Thompson.[1]

An appropriate Order follows.

---

[1] In Plaintiff's second Reply Brief to Defendants' Responses, he moves to compel production of his client files from Defendants. Because this is an issue unrelated to the present Motions and because Defendants are entitled to an opportunity to respond to this new motion, the Court denies Plaintiff's requested relief without prejudice to his re-filing this request as a separate motion to compel.