**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID NUYANNES, | : | CIVIL ACTION |
| | : | No. 11-cv-02029-RB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NICHOLE THOMPSON, ESQUIRE; | : | |
| SCOTT GALLOWAY, ESQUIRE; and | : | |
| JOHN DOES, 1-10, | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF DEFENDANT, SCOTT GALLOWAY, ESQUIRE,
TO DISMISS PLAINTIFF'S FIRST AMENDED CIVIL ACTION COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, Scott Galloway, Esquire, by and through his attorneys, O'Brien and

Ryan, LLP, submits the following memorandum of law in support of his Motion to

Dismiss Plaintiff's First Amended Civil Action Complaint Pursuant to Fed. R. Civ. P.

12(b)(6).

**I.      FACTUAL AND PROCEDURAL HISTORY**

On March 24, 2011, Plaintiff, David Nuyannes ("Plaintiff" or "Nuyannes"), filed

a complaint sounding in legal malpractice against defendants including Scott Galloway,

Esquire ("Defendant" or "Galloway").  Defendant filed a motion to dismiss on the

grounds that Plaintiff's Complaint failed to state a claim upon which relief could be

granted and because Plaintiff had failed to comply with the applicable statute of

limitations.  Plaintiff filed a First Amended Civil Action Complaint on September 19,

2011, thereby mooting the motion to dismiss.  The amended complaint asserted three

causes of action with respect to Galloway: 1) professional negligence, 2) breach of

contract, and 3) breach of fiduciary duty.

On December 15, 2011, Plaintiff filed a certificate of merit as to Defendant.

Defendant now moves to dismiss Plaintiff's First Amended Civil Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL ARGUMENT

A motion to dismiss should be granted "if it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations."  Hishon v.

King & Spalding, 467 U.S. 69, 73 (1984).  As Plaintiff is not entitled to relief even if

every allegation in his First Amended Civil Action Complaint is proven at trial,

Plaintiff's First Amended Civil Action Complaint should be dismissed for failure to state

a claim upon which relief can be granted.

### A.   DISMISSAL OF PLAINTIFF'S CLAIM FOR PROFESSIONAL NEGIGENCE

In order to prevail on a claim for professional negligence against an attorney –

legal malpractice – a plaintiff must prove four elements:

1) employment of the defendant-attorney (or a specific undertaking by the defendant-attorney to furnish legal advice or assistance to the plaintiff);

2) that the defendant-attorney was negligent by failing to possess and exercise the ordinary skill, knowledge, and care normally possessed and exercised by members of good standing in the legal profession;

3) that the defendant-attorney's negligence caused the plaintiff to lose a proceeding or motion on which the plaintiff would have otherwise prevailed; and

4) actual damages.

Rizzo v. Haines, 555 A.2d 58, 65 (Pa. 1989); Kituskie v. Corbman, 714 A.2d 1027, 1029 (Pa. 1998).[1]   These elements are more simply known as 1) duty, 2) breach, 3) causation, and 4) damages.

In this matter, Plaintiff's First Amended Civil Action Complaint fails to properly set forth three of these elements – duty, causation, and damages.   Further, Plaintiff's entire claim for legal malpractice is premised on two erroneous interpretations of Pennsylvania civil procedure.   Accordingly, Plaintiff's First Amended Civil Action Complaint should be dismissed with prejudice.

### 1.   Galloway owed no duty to Nuyannes once terminated.

Even if the allegations set forth in Plaintiff's First Amended Civil Action Complaint are proven true, Galloway owed no duty to Nuyannes at the relevant time since Nuyannes had previously terminated their relationship.

Once an attorney is retained to represent a client, a duty is formed.   That duty continues until the attorney-client relationship is ended.   As set forth by the Pennsylvania Suggested Standard Civil Jury Instructions,

> Once a lawyer has undertaken to serve a client, his or her employment and **duty as a lawyer continues until ended by consent or request of the client.**   It also ends if the lawyer withdraws from the employment (if it does not unduly jeopardize the interest of the client) after giving the client notice and a reasonable opportunity to employ another lawyer, or the matter for which he or she was employed has been concluded.

Pa. SSJI (Civ) 15.20 (emphasis added).

According to Plaintiff's First Amended Civil Action Complaint, the alleged negligence of co-defendant Nichole Thompson, Esquire ("Thompson") resulted in the imposition of a contempt order against Nuyannes in a custody/divorce proceeding.   See

---

[1] This Court has jurisdiction over Plaintiff's claims against Defendant on the basis of diversity jurisdiction. Accordingly, Pennsylvania substantive law applies.  Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

Pl. Am. Compl. ¶¶ 18-26.  Thompson thereafter withdrew her appearance on behalf of Nuyannes and Nuaynnes "retained Galloway to move for reconsideration and/or appeal of the contempt order."  Pl. Am. Compl. ¶ 43.  According to Plaintiff's First Amended Civil Action Complaint, Galloway then "refused ongoing representation to which Plaintiff then terminated him."  Pl. Am. Compl. ¶ 44.  The sum of Plaintiff's negligence accusation against Galloway is the failure of Plaintiff to prevail on a motion for reconsideration or appeal of the contempt order.  See Pl. Am. Compl.

Plaintiff's First Amended Civil Action Complaint clearly alleges that Galloway was hired with respect to a specific undertaking.  However, it is equally clear that Nuyannes fired Galloway before Galloway had the opportunity to file the requested motion for reconsideration and/or appeal of the contempt order.  Therefore, as a matter of law, Galloway owed no duty to Nuyannes to file a motion for reconsideration or appeal, and Galloway cannot be found negligent with respect to these matters.  For this reason alone, Plaintiff's claim for legal malpractice against Galloway should be dismissed with prejudice.

> **2.  Plaintiff's claims are premised on erroneous interpretations of Pennsylvania civil procedure.**

The alleged negligence of Galloway, in addition to taking place after his duty to Nuyannes was extinguished, is premised on two erroneous interpretations of Pennsylvania civil procedure.  Therefore, Plaintiff's allegations amount to a legal impossibility such that Plaintiff has failed to state a claim upon which relief can be granted.

**a.** **There is no time limit for a court to reconsider its own interlocutory ruling.**

There is no time limit for a court to reconsider a prior ruling while the case remains before the court.  Accordingly, Plaintiff was not precluded from filing a motion for reconsideration.

A common misconception is that motions for reconsideration in Pennsylvania state court must be filed within thirty days of the applicable order.  However, no statute or Pennsylvania Rule of Civil Procedure sets forth this mandate.  Instead, as noted by the Pennsylvania Superior Court, "[a] court has inherent power to reconsider its own rulings." Hutchison by Hutchison v. Luddy,  611 A.2d 1280, 1288 (Pa. Super. 1992) (citing Atlantic Richfield Co. v. J.J. White, 302 448 A.2d 634 (Pa. Super. 1982)).  The statute which gives rise to the confusion, 42 Pa.C.S.A. § 5505, applies only to final, appealable orders.  Hutchison by Hutchison, 611 A.2d at 1288 (citing Daywalt v. Montgomery Hosp., 573 A.2d 1116 (Pa. Super. 1990); Commonwealth v. McMillan, 545 A.2d 301, (Pa. Super. 1988) order aff'd 567 A.2d 1043 (Pa. 1990)).  "Where an order does not effectively place the litigant out of court or end the lawsuit, it is within the trial court's discretion to entertain a motion to reconsider the interlocutory order outside the thirty day time limit set forth in 42 Pa.C.S.A. § 5505." Hutchison by Hutchison, 611 A.2d at 1288 (citing Golden v. Dion & Rosenau 600 A.2d 568, 569 (Pa. Super. 1991)).

As described above, Nuyannes retained Galloway to file a motion for reconsideration and/or appeal of a contempt order.  Plaintiff's First Amended Civil Action Complaint clearly presumes that the deadline for both of these actions was thirty days.  The complaint states that "Galloway remained formal counsel to Plaintiff refusing to execute a withdrawal and then substitution of appearance until end-day of the thirty

(30) day time period for either reconsideration and/or appeal." Pl. Am. Compl. ¶ 45. The complaint continues that "[a]t that end-day thirty (30) day time period, Galloway, not coincidentally, entered the substitution of appearance – effectively precluding reconsideration and/or appeal." Pl. Am. Compl. ¶ 46.

The contempt order in question was not a final order. Therefore, the trial court judge had the inherent ability to reconsider his ruling at any time as the case proceeded. Accordingly, Plaintiff's allegation that Galloway's actions (or inactions) ran out the thirty day period to move for reconsideration and extinguished Plaintiff's ability to obtain reconsideration is wrong.

It is important to note that Nuyannes' subsequent attorney apparently never attempted to file a motion for reconsideration or an appeal; therefore, there was no ruling from the trial court or the Pennsylvania Superior Court that the motion for reconsideration or appeal, respectively, were untimely. In this sense, Plaintiff has failed to exhaust his available remedies and show that the alleged delay of Galloway caused an adverse event.

Pursuant to unambiguous case law, and contrary to Plaintiff's assumptions, had his subsequent attorney filed a motion for reconsideration after thirty days, the court would have had the opportunity to consider the motion on its merits. Therefore, Plaintiff's claim for legal malpractice against Galloway – which rests entirely on the premise that no motion for reconsideration or appeal could be filed – is without merit.

        **b.**    **Plaintiff's subsequent attorney was not prevented from filing a motion for reconsideration and/or appeal.**

In addition to the fact that Plaintiff's subsequent attorney was not prohibited from filing a motion for reconsideration after thirty days, she was also not prohibited – as a

matter of law – from entering her appearance or acting on behalf of Nuyannes during the thirty day window at issue.

There are no procedural limits on when attorney admitted to the bar of the Pennsylvania Supreme Court may enter her appearance in an action on behalf of a client. Pursuant to Pennsylvania Rule of Civil Procedure 1012(a):

> A party may enter a written appearance which shall state an address at which pleadings and other legal papers may be served in the manner provided by Rule 440(a)(1) and a telephone number. The appearance may also include a telephone facsimile number as provided in Rule 440(d). Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue. Written notice of entry of an appearance shall be given forthwith to all parties.

Consistent with the use of the word "may," the Official Note to this rule states that "Entry of a written appearance is not mandatory."

However, restrictions are placed on withdrawals of appearance.

> (1)  Except as provided in paragraph (2), an attorney may not withdraw his or her appearance without leave of court.

> (2)  An attorney may withdraw his or her appearance without leave of court if another attorney (i) has previously entered or (ii) is simultaneously entering an appearance on behalf of the party, and the change of attorneys does not delay any stage of the litigation.

Pa. R. Civ. P. 1012(b).

The allegations in Plaintiff's First Amended Civil Action Complaint are apparently based on a confusion between these two rules.  Plaintiff's First Amended Civil Action Complaint alleges that Plaintiff had another attorney standing by, ready to file a timely motion for reconsideration and/or appeal within thirty days.  However, according to Plaintiff, Galloway's alleged failure to withdraw prevented "subsequent counsel [from

protecting] Plaintiff's legal rights vis-à-vis reconsideration and/or appeal." Pl. Am. Compl. ¶ 56(e). <u>See also</u> Pl. Am. Compl. ¶¶ 45, 46.

Contrary to Plaintiff's allegations, as demonstrated by a plain reading of the relevant rules quoted above, nothing prevented Nuyannes' subsequent attorney from entering her appearance immediately following her retention by Nuyannes; as often seen, a party is permitted to have multiple attorneys from different firms. Therefore, she could have entered her appearance and filed the appropriate motion for reconsideration and/or appeal on behalf of Nuyannes. Or, as noted by Pa. R. Civ. P. 1012(a), she simply could have filed documents in the Court of Common Pleas for Nuaynnes without entering her appearance. However, under no circumstances did the alleged failure of Galloway to withdraw his appearance or execute a substitution of counsel within thirty days prevent Nuyannes' subsequent attorney from acting on Nuyannes' behalf. While it may be true that Galloway could not withdraw his appearance until subsequent counsel entered, this has no bearing on Plaintiff's claims or any alleged harm to Nuyannes.

Accordingly, Galloway was simply not a cause of any harm to Nuyannes as a matter of law. The failure of Nuyannes or his subsequent attorney to file a motion for reconsideration and/or appeal occurred due to an erroneous interpretation of procedural rules by them.

**3.     Plaintiff's First Amended Civil Action Complaint does not set forth how the alleged negligence of Galloway caused harm to Nuyannes.**

A plaintiff in a legal malpractice case must prove that he would have prevailed in the underlying proceeding but for the negligence of his attorney. Plaintiff's First Amended Civil Action Complaint should be dismissed because Plaintiff does not allege

that a motion for reconsideration and/or appeal would have been successful.  Therefore, this critical element is absent and Plaintiff has failed to state a claim.

It is well established that a plaintiff in a legal malpractice action must prove "a case within a case."  See, e.g., Kituskie v. Corbman, 714 A.2d 1027, 1030 (Pa. 1998). More specifically, the plaintiff must establish by a preponderance of the evidence that he would have prevailed on the underlying proceeding or motion.  Id.

In this matter, Plaintiff alleges that Galloway was negligent for failing to file, or preventing another attorney from filing, a motion for reconsideration and/or an appeal with respect to the contempt order entered against Nuyannes prior to Galloway's involvement.  See Pl. Am. Compl.  Therefore, in order to prevail on his claim against Galloway, Plaintiff must prove at trial that a motion for reconsideration and/or an appeal, if filed, would have been successful.  Otherwise, Galloway's alleged negligence caused no harm to Nuyannes.  However, nowhere in Plaintiff's First Amended Civil Action Complaint is it alleged that a motion for reconsideration and/or an appeal would have been successful.  Therefore, Plaintiff's First Amended Civil Action Complaint fails to include a critical element and is deficient on its face.

Furthermore, even if Plaintiff's First Amended Complaint were to be further amended to include this critical allegation, no facts could be alleged which would meet federal pleadings standards.  Therefore, it is appropriate for Plaintiff's First Amended Complaint to be dismissed with prejudice.

The standard for evaluating the sufficiency of a plaintiff's complaint pursuant to Rule 12(b)(6) has been articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  As those

cases explain, although a court must accept as true all factual allegations in the complaint, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus:  'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.").

As the Supreme Court reiterated in Iqbal, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (citations omitted).  Instead, as *Iqbal* detailed:

> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 1950 (citations omitted); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

In this matter, Plaintiff cannot prove beyond mere speculation that he would have prevailed on either a motion for reconsideration or an appeal.  Motions for reconsideration are disfavored and granted only in rare circumstances where new facts have been discovered or the court may clear errors of law.  See, e.g., Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."); Brickman Group, Ltd. v. CGU Ins. Co., 56 Pa. D. & C. 4th 491) (Pa. Com. Pl. 2002) ("Generally, '[m]otions for reconsideration are discouraged unless the facts or law not previously brought to the attention of the court are raised.'" (citing S.A. Arbittier et al., *Philadelphia Court of Common Pleas Civil Practice Manual*, § 7–2.8 (10th ed. 2000)).  The Third Circuit has further noted that a litigant may not move for reconsideration based on evidence that is not newly discovery.  Harsco Corp., 779 F.2d at 909 ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.").

Interlocutory appeals are similarly disfavored and unlikely to succeed except in exceptional cases.  In fact, the Pennsylvania Superior Court only considers a small number of the interlocutory appeals presented to it on their merits.

Plaintiff's First Amended Civil Action Complaint contains allegations of negligence against Thompson for allowing the contempt order to be issued.  Pl. Am. Compl. ¶¶ 18-26, 56(b).  In fact, the complaint alleges that Thompson conceded to the trial court that Nuyannes was in contempt of a court order.  Pl. Am. Compl. ¶ 26.  In light of these allegations, it is extremely unlikely that the trial court would have vacated its contempt order upon the motion of new attorney or that an appeal would have

succeeded.   Therefore, Plaintiff simply cannot meet the pleading standard under

Twombley and Iqbal.   Plaintiff's failure to allege that a motion for reconsideration and/or

appeal would have been successful cannot be corrected.   Therefore, Plaintiff's First

Amended Complaint should be dismissed with prejudice.

> **4.     Plaintiff's First Amended Civil Action Complaint fails to set forth recoverable damages.**

Plaintiff's First Amended Civil Action Complaint fails to set forth specific

damages.   For this reason too, Plaintiff's claim for legal malpractice should be dismissed

with prejudice.

A plaintiff in a legal malpractice action must prove "actual loss rather than a

breach of a professional duty causing only nominal damages, speculative harm or the

threat of future harm."  Kituskie v. Corbman, 714 A.2d 1027, 1030 (Pa. 1998) (quoting

Rizzo v. Haines, 499, 555 A.2d 58, 68 (1989)).   Remote and speculative damages are not

recoverable.   A plaintiff must prove damages with certainty and by a preponderance of

the evidence.  Id.

With respect to damages, Plaintiff's First Amended Civil Action Complaint

alleges as follows:

> 51.     In January 2009, at a child support hearing. Thompson failed to argue against a child support order wherein Plaintiff was charged child support in excess of his unemployment compensation: the order required him to pay $1,900.00 per month when he was only earning $1,800.00 per month in unemployment compensation.

> 52.     As a result of Plaintiff's arrest and incarceration, as well as the child support arrearages affecting his credit score, Plaintiff has been unable to find employment.

> 53.     As a result of all of the foregoing, Plaintiff's sustained the termination of his parental rights of his children.

      54.    As a further result of all of the foregoing, Plaintiff suffered great pain and agony, humiliation, embarrassment and emotional distress, and may continue to suffer same for an indefinite period of time, perhaps permanently.

A main element of Plaintiff's alleged damages is lost employment.  Yet Plaintiff's First Amended Civil Action Complaint concedes that Plaintiff was laid off prior to the relevant time for unrelated reasons.  <u>See</u> Pl. Am. Compl. ¶¶ 48-50.  Other alleged damages, such as the alleged child support arrearages affecting Plaintiff's credit score and termination of parental rights, relate solely to the alleged negligence of Thompson.  <u>See</u> Pl. Am. Compl. ¶ 52.  The remaining alleged damages – great pain and agony, humiliation, embarrassment and emotional distress – are non-economic in nature and too speculative as to be related to the alleged negligence of Galloway and to be proven and calculated with any certainty.

Therefore, if Plaintiff were otherwise able to prove the other elements of legal malpractice at trial, his First Amended Civil Action Complaint fails to set forth specific, recoverable damages.  Accordingly, dismissal is proper.

    **B.**      <u>**DISMISSAL OF PLAINTIFF'S ANCILLARY CLAIMS**</u>

        **1.**      **If Plaintiff's claim for professional negligence is dismissed, Plaintiff's entire First Amended Civil Action Complaint should be dismissed.**

Plaintiff's First Amended Civil Action Complaint with respect to Galloway contains two additional causes of action, breach of contract and breach of fiduciary duty.  Pl. Am. Compl. ¶¶ 59-62, 63-66, respectively.  Each of these ancillary claims is compromised of merely four paragraphs which adopt Plaintiff's claim for legal malpractice and set forth bald legal conclusions regarding the respective elements of these additional claims.  It is clear that these causes of action are nothing more than

Plaintiff's legal malpractice claim repackaged.  Accordingly, if the Court should grant

Defendant's Motion to Dismiss with respect to Plaintiff's legal malpractice claim,

Plaintiff's claims for breach of contract and breach of fiduciary duty have no foundation

and should also be dismissed.

> 2.   **Plaintiff's First Amended Civil Action Complaint fails to set forth terms of an enforceable contract.**

Plaintiff's First Amended Civil Action Complaint fails to set forth the elements of

a claim for breach of contract.  Therefore, this count should be dismissed.

The elements of a breach of contract action in the context of an attorney-client

relationship are the same as a breach of contract action elements in other contexts.  Bailey

v. Tucker, 621 A.2d 108, 115 (Pa. 1993).  In order for an enforceable contract to exist,

the plaintiff must prove that 1) both parties manifested an intent to be bound by the terms

of the contract, 2) that the terms of the contract are sufficiently definite, and 3) the

existence of consideration.  Johnston the Florist, Inc. v. TEDCO Const. Corp., 657 A.2d

511, 516 (Pa. Super. 1995).

In this matter, Plaintiff alleges that "Plaintiff and Defendants entered in a contract

for legal services (in the possession of Defendants)."  Pl. Am. Compl. ¶ 60.   Plaintiff

further alleges that the actions of the defendants breached the "agreement to provide

competent and effective legal services, as well as a breach of covenant of good faith and

fair dealing."  Pl. Am. Compl. ¶ 61.

It is curious that Plaintiff sets forth the alleged contents of a written contract

which is not is his possession.   It is even more curious considering Galloway is aware of

no such written contract.  Finally, Plaintiff's allegations are identical as to Thompson and

Galloway, two unaffiliated attorneys.   For these reasons, it is clear that Plaintiff's four

paragraph cause of action for breach of contract is nothing more than the sort of boilerplate pleading prohibited under Twombley and Iqbal.

Plaintiff's cause of action for breach of contract stands for the proposition that every attorney-client relationship creates an enforceable contract in which the attorney promises to provide legal services within the applicable standard of care.  This is not the law.  In Bailey v. Tucker, the court described that in a breach of contract claim, "the attorney's liability in this regard will be based on terms of that contract. Thus, if an attorney agrees to provide his or her best efforts and fails to do so an action will accrue." 621 A.2d at 115.  The parties in this matter entered into no such agreement.  Of course, an attorney who does not meet the standard of care may be subject to a negligence suit, but without specific contractual terms, he is not subject to a breach of contract cause of action as well.

Plaintiff's First Amended Civil Action Complaint fails to set forth enough facts to raise a reasonable expectation that discovery will reveal evidence that the parties manifested an intent to be bound the specific terms of a contract, the specific terms of that alleged contract, and any consideration.  Therefore, Plaintiff's claim for breach of contract should be dismissed.

> **3.     Plaintiff's First Amended Civil Action Complaint fails to set forth recoverable damages.**

Plaintiff's breach of contract claim also fails because Plaintiff fails to allege that he made any payment to Galloway.

In a breach of contract action resulting from an attorney-client relationship, "damages will be limited to the amount actually paid for the services plus statutory

interest." Bailey v. Tucker, 621 A.2d at 115.  The right to consequential damages for the breach of a contract is this context has specifically been rejected.  Id.

Plaintiff fails to allege that he actually paid any money to Galloway for Galloway's services.  Therefore, Plaintiff cannot assert a breach of contract action against Galloway.

> **4.     Plaintiff's First Amended Civil Action Complaint does not set forth a valid claim for breach of fiduciary duty.**

Finally, Plaintiff's First Amended Civil Action Complaint fails to set forth the elements of a claim for breach of fiduciary duty.

In certain narrow circumstances, a client may pursue an action for breach of fiduciary duty against his attorney.  As described by the Pennsylvania Supreme Court, "[a]t common law, an attorney owes a fiduciary duty to his client; such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and breach of such duty is actionable."  Maritrans GP Inc. v. Pepper, Hamilton & Scheetz, 602 A.2d 1277, 1283 (Pa. 1992) (citations omitted).

Plaintiff's First Amended Civil Action Complaint does not set forth how Galloway is alleged to have breached his fiduciary duty to Nuyannes.  There is no allegation that Galloway strayed from his loyalty to Nuyannes or engaged in a conflict of interest.  Instead, Plaintiff merely recast his allegations of negligence as an alleged breach of fiduciary duty.  Not every instance of alleged legal malpractice will automatically give rise to a plausible claim for breach of fiduciary duty.  Here, without the enumeration of further provable facts, Plaintiff has again failed to meet the standard set forth in Twombley and Iqbal and Plaintiff's claim for breach of fiduciary duty should be dismissed.

III.     **CONCLUSION**

For the reasons set forth above, Defendant, Scott Galloway, Esquire, respectfully requests that this Honorable Court grant his Motion to Dismiss Plaintiff's First Amended Civil Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's First Amended Civil Action Complaint with prejudice.

Respectfully submitted,

**O'BRIEN & RYAN, LLP**

*s/ Jeffrey P. Brien*
MARSHALL L. SCHWARTZ
JEFFREY P. BRIEN
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
(610) 834-8800
(610) 834-1749
mscwhartz@obrlaw.com
jbrien@obrlaw.com

*Attorneys for Defendant,*
Scott Galloway, Esquire

Dated:  January 4, 2012