IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. NUYANNES, Individually, | : | CIVIL ACTION |
| 1435 Kynlyn Drive, Wilmington, DE 19809 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| NICHOLE MARIE THOMPSON, ESQUIRE, | : | NO. 11-2029 |
| And NICHOLE MARIE THOMPSON, | : | |
| Individual, P.O. Box 1644, Media, PA  19063 | : | |
| | : | |
| EUGENE J. MALADY, ESQUIRE, and | : | |
| EUGENE J. MALADY, Individual | : | |
| 211-213 North Olive Street, Media, PA 19063 | : | |
| | : | |
| SCOTT D. GALLOWAY, ESQUIRE, and | : | |
| SCOTT D. GALLOWAY, Individual | : | |
| 1215 West Baltimore Pike, Media, PA  19063 | : | |
| | : | |
| Defendants | : | |

## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CIVIL ACTION COMPLAINT PURSUANT TO F. R.C.P 12 (B)(6) OF DEFENDANT, NICHOLE M. THOMPSON, ESQUIRE AND NICHOLE M. THOMPSON, INDIVIDUAL

Defendant, Nichole M. Thompson, Esquire, and Nichole M. Thompson, Individual,

hereby moves this Court to dismiss Plaintiff's Fist Amended Civil Action Complaint pursuant to

Fed. R. Civ. P. 12(b)(6).  In support of this motion, Defendant relies on the attached

Memorandum of Law.

Respectfully submitted,

Nichole M. Thompson, Esquire

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. NUYANNES, Individually,<br>1435 Kynlyn Drive, Wilmington, DE 19809 | :<br>: | CIVIL ACTION |
| Plaintiff, | :<br>:<br>: | |
| vs. | :<br>: | |
| NICHOLE MARIE THOMPSON, ESQUIRE,<br>And NICHOLE MARIE THOMPSON,<br>Individual, P.O. Box 1644, Media, PA 19063 | :<br>:<br>: | NO. 11-2029 |
| EUGENE J. MALADY, ESQUIRE, and<br>EUGENE J. MALADY, Individual<br>211-213 North Olive Street, Media, PA 19063 | :<br>:<br>:<br>: | |
| SCOTT D. GALLOWAY, ESQUIRE, and<br>SCOTT D. GALLOWAY, Individual<br>1215 West Baltimore Pike, Media, PA 19063 | :<br>:<br>:<br>: | |
| Defendants | :<br>: | |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT, NICHOLE M. THOMPSON, ESQUIRE, TO DISMISS PLAINTIFF'S FIRST AMENDED CIVIL ACTION COMPLAINT PURSUANT TO FED. R. CIV. R. 12(b)(6)

Defendant, Nichole M. Thompson, Esquire, submits the following memorandum of law in support of her Motion to Dismiss Plaintiff's First Amended Civil Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

### I.    FACTUAL AND PROCEDURAL STATEMENT

Plaintiff, David Nuyannes, filed a Complaint in Divorce in the Court of Common Pleas of Delaware County on or about September 12, 2008.  Pursuant to said Complaint in Divorce, Defendant Eugene J. Malady, Esquire was retained as counsel by Plaintiff's wife, Louise King-Nuyannes.  Malady filed a Petition for Equitable Relief and a hearing pursuant to that petition

was scheduled for September 25, 2008 in the Court of Common Pleas of Delaware County. Plaintiff, David Nuyannes, retained Timothy Posenti, Esquire as counsel. An agreement was reached between the parties and placed on the record during the September 25, 2008 hearing. The agreement addressed the exclusive possession of the marital home to Wife, as well as the freezing of certain marital accounts, including Plaintiff's 401(k). A copy of the transcript of the Notes of Testimony from said hearing on September 25, 2008, is attached and marked as Exhibit "A."

On November 3, 2008, a Temporary Custody Order was entered into by agreement of the parties and their respective attorneys. Said agreement was signed into Order by Master Florence Wright, Esquire. A copy of said Temporary Custody Order is hereby attached and marked as Exhibit "B."

On November 8, 2008, the parties entered into a Stipulation as to Wife's maintaining exclusive possession of the marital home, as well as an agreement to sell said home. This Stipulation also addressed the freezing of the Charles Schwab Wells Fargo 401(k) and any other accounts maintained by the parties, except for a $10,000.00 distribution to Plaintiff and a $10,000.00 distribution to Wife. The Stipulation also directed Plaintiff to provide a full accounting of any and all expenditures for the prior three (3) years. A copy of the Stipulation confirmed by the Court Order and signed by the Honorable Maureen Fitzpatrick is hereby attached and marked as Exhibit "C."

On November 26, 2008, Eugene J. Malady, filed a Petition for Special Relief because Plaintiff did not appear for drug testing as earlier agreed to by the parties. A copy of said Petition filed with the Court of Common Pleas of Delaware County is hereby attached and marked as Exhibit "D."

On November 26, 2008, Eugene J. Malady filed a Petition for Special Relief to confirm the terms of the New Dissipation Order signed by Judge Fitzpatrick on November 10, 2008 (Exhibit "C" herein). On December, 22, 2008, the Honorable James P. Bradley held a hearing as to Malady's Petition. Plaintiff's previous counsel, Timothy Posenti's Motion to Withdrawal as Counsel was granted.

### DEFENDANT THOMPSON'S REPRESENTATION BEGAN DECEMBER 22, 2008:

Plaintiff hired Defendant Nichole M. Thompson, Esquire on or about December 20, 2008. Plaintiff was represented at the December 22, 2008 hearing by Defendant Nichole M.

2

Thompson, Esquire. During the December 22, 2008 hearing, the agreement reached by the parties was placed on the record as follows:

    (a) Plaintiff closed his employee savings plan on October 22, 2008 and received $64,145.08;

    (b) Plaintiff rolled over a balance of $51,645.08 into an IRA account in his own name;

    (c) Plaintiff has received the difference of $12,500.00 between the closing balance of the employee savings plan and the amount he deposited into the IRA;

    (d) On November 20, 2008, Plaintiff withdrew another $17,000.00 from the IRA account;

    (e) Wife will receive $10,000.00 from the IRA account pursuant to the September 25, 2008 Stipulation;

    (f) Plaintiff will provide an accounting of his use of the $17,000.00 within fourteen (14) days, and Wife will receive $17,000.00 from the IRA account less any amounts the parties agree were used to pay marital debts;

    (g) The case will be relisted for February 23, 2009;

    (h) No further funds will be removed without the parties' agreement or Court Order; and

    (i) Judge Fitzpatrick's Order will be complied with in all other respects.

## DEFENDANT THOMPSON'S REPRESENTATION OF PLAINTIFF ENDED JANUARY 15, 2009

On January 15, 2009, Plaintiff met with Defendant, Nichole M. Thompson, Esquire. During that meeting, it was agreed that Defendant, Nichole M. Thompson, Esquire would no longer represent Plaintiff. On January 23, 2009, Plaintiff, David Nuyannes, then filed a Praecipe to Withdrawal Complaint in Divorce, including all custody issues. Subsequently, Defendant, Nichole M. Thompson, Esquire filed a Petition to Withdrawal as Counsel. On or about January 29, 2009, Eugene J. Malady filed an Emergency Petition for Special Relief to strike Plaintiff's Praecipe and asking Plaintiff be held in contempt for failing to abide by earlier court orders as to the accounting and withdrawal of marital funds.

3

On February 23, 2009, Judge Bradley found Plaintiff in civil contempt for willfully failing to comply with earlier agreements placed on the record on September 25, 2008 and December 22, 2008. Plaintiff was also fined $5,000.00 and counsel fees were assessed in favor of Wife's attorney, Eugene J. Malady, Esquire, in the amount of $2,500.00. Plaintiff was also ordered to comply with all terms of earlier agreements and Court Orders within ten (10) days of the February 23, 2008 hearing or face a period of incarceration of one-hundred eighty (180) days in George W. Hill Correctional Facility (Delaware County Prison). Judge Bradley also signed Plaintiff's counsel's, Nichole M. Thompson, Esquire's, Petition to Withdrawal as Counsel, herein attached and marked as Exhibit "E".

On March 5, 2009, a felony arrest warrant for Plaintiff was issued by the Pennsylvania State Police for interference with the custody of a child. On March 9, 2009, Eugene J. Malady filed a Petition for Contempt to enforce the Order signed by Judge Bradley on February 23, 2009. A hearing was scheduled for March 13, 2009. On March 3, 2009, Plaintiff met with Defendant Scott D. Galloway, Esquire to seek representation. On March 16, 2009, Plaintiff asked Defendant Galloway to withdrawal as his counsel.

In or around February or March 2011, Plaintiff filed a complaint with the Disciplinary Board of the Supreme Court of Pennsylvania regarding Defendant Nichole M. Thompson, Esquire. His complaint alleged a violation of Rule of Professional Conduct 1.4(c). The matter was investigated and dismissed in a letter dated March 10, 2011 herein attached and marked as Exhibit "F." Plaintiff was arrested on the felony warrant by the Pennsylvania State Police on or around July 13, 2009.

On March 24, 2011, Plaintiff, David Nuyannes ("Plaintiff" or "Nuyannes") filed a complaint sounding in legal malpractice against Defendants including Eugene Malady, Esquire, Scott Galloway, Esquire, and Nichole M. Thompson, Esquire ("Defendant" or "Thompson"). Defendant filed a Motion to Dismiss on the grounds that Plaintiff's Complaint failed to state a claim upon which relief could be granted, lacked proper venue, lacked personal jurisdiction, lacked subject matter jurisdiction, and because Plaintiff had failed to comply with the applicable statute of limitations. Plaintiff filed a First Amended Civil Action Complaint on September 19, 2011, thereby mooting the Motion to Dismiss. The amended complaint asserted four causes of action with respect to Thompson: (1) professional negligence, (2) breach of contract, (3) breach of fiduciary duty, and (4) civil rights violation.

4

On December 15, 2011, Plaintiff filed a certificate of merit as to Defendant.  Defendant now moves to dismiss Plaintiff's First Amended Civil Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL ARGUMENT

A motion to dismiss should be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (9184).  As Plaintiff is not entitled to relief even if every allegation in his First Amended Civil Action Complaint is proven at trial, Plaintiff's First Amended Civil Action Complain should be dismissed for failure to state a claim for which relief can be granted.

### A. DISMISSAL OF PLAINTIFF'S CLAIM FOR PROFESSIONAL NEGLIEGENCE

In order to prevail on a claim for professional negligence against an attorney – legal malpractice – a Plaintiff must prove four elements:

    (1) Employment of the defendant-attorney (or a specific undertaking by the defendant-attorney to furnish legal advice or assistance to the plaintiff);

    (2) That the defendant-attorney was negligent by failing to possess and exercise the ordinary skill, knowledge, and care normally possessed and exercised by members of good standing in the legal profession;

    (3) That the defendant-attorney's negligence caused the plaintiff to lose a proceeding or motion on which the plaintiff would have otherwise prevailed; and

    (4) Actual damages.

Rizzo v. Haines, 555 A.2d 58, 65 (Pa. 1989); Kituskie v. Corbman, 714 A.2d 1027, 1029 (Pa. 1998).  These elements are more simply known as (1) duty, (2) breach, (3) causation, and (4) damages.

In this instance, Plaintiff's First Amended Civil Action Complaint fails to properly set forth these elements.  Furthermore, Plaintiff's entire claim for legal malpractice is premised on

two erroneous interpretations of Pennsylvania civil procedure.  Accordingly, Plaintiff's First Amended Civil Action Complaint should be dismissed with prejudice.

**(1)  Thompson owed no duty to Nuyannes once terminated.**

Once an attorney is retained to represent a client, a duty is formed.  That duty continues until the attorney-client relationship has ended.  As set forth by the Pennsylvania Suggested Standard Civil Jury Instructions,

> Once a lawyer has undertaken to serve a client, his or her employment and **duty as a lawyer continues until ended by consent or request of the client.**  It also ends if the lawyer withdraws from the employment (is it does not unduly jeopardize the interest on the client) after giving the client notice and a reasonable opportunity to employ another lawyer, or the matter for which he or she was employed has been concluded.

Pa. SSJI (Civ) 15.20 (emphasis added).

According to Plaintiff's original Complaint, by Plaintiff's own admission, during the January 15, 2008 meeting both Plaintiff and Defendant Thompson agreed she would no longer represent him but would still file the Preacipe to Withdrawal the Complaint in Divorce and Custody.  (Original Complaint at para. 38) (Exhibit "G" herein).  Both Preacipe to Withdrawal the Complaint in Divorce and Custody, as well as a Motion to Withdrawal as Counsel were filed on January 23, 2009.  As of January 23, 2008, Defendant owed no duty to Plaintiff.  Plaintiff had ample time to hire new counsel to represent him at the February 23, 2009 hearing and chose not to do so.  In fact, Plaintiff failed to appear for the February 23, 2009 Special Relief hearing because he was on vacation.  See Am. Compl. Para 24.  Despite the attorney-client relationship no longer existing, Defendant still appeared on behalf of Defendant despite Plaintiff's own failure to appear and despite Defendant owing no duty to Plaintiff.

Plaintiff's First Amended Civil Action Complaint claims the alleged negligence of Defendant resulted in the imposition of a contempt order against Plaintiff.  See Am. Compl. Para. 18-26.  The sum of Plaintiff's negligence accusation against Defendant is the alleged affirmation to the Court of Common Pleas that Plaintiff was in contempt of the December 2010 Order, while claiming the order does not exist.  See Am. Compl. Para. 25.  Not only is it clear from the February 23, 2009 hearing, that Plaintiff was found in civil contempt for willfully failing to comply with earlier agreements placed on the record on September 25, 2008 (when represented by previous counsel) and December 22, 2008, but Plaintiff acknowledges the agreement reached on September 25, 2008 was reduced to an Order.  (Exhibit "G" pg 3 at 13).

6

Plaintiff readily acknowledges there was an Order on or about September 25, 2008, prior to Defendant being retained as counsel, yet argues Defendant erroneously acknowledges said order to the Court. (Exhibit "G" pg 3 at 13). Defendant ceased representing Plaintiff in 2009. Any subsequent Order from December 2010 clearly did not exist at the time Defendant represented Plaintiff in 2009, therefore, making it impossible for Defendant to have represented such to the Court as Plaintiff alleges. See Am. Compl. Para. 25.

Plaintiff claims Defendant did not forward him a copy of the order entered on February 23, 2009. See Am. Compl. Para. 30. However, Plaintiff acknowledges the Court allowed both Defendant and opposing counsel to mail Plaintiff a copy of the February 23, 2009 Order and claims it was not received because both parties had the incorrect mailing address for Plaintiff. (Exhibit "G" pg 8 at 44). This address was the address provided by Plaintiff and through no fault of Defendant was a copy of said Order not received.

As a matter of law, Defendant Thompson owed no duty to Plaintiff to represent him at the Special Relief hearing on February 23, 2009, and cannot be found negligent with respect to this matter. Despite owning no duty to Plaintiff, Defendant still zealously represented him at the hearing and mailed Plaintiff a copy of the Order as instructed by the Court. For this reason, Plaintiff's claim for legal malpractice against Thompson should be dismissed with prejudice.

### (2) Plaintiff's claims are premised on erroneous interpretations of Pennsylvania civil procedure.

Plaintiff alleges a breach of contract against both Defendant Thompson and co-Defendant Galloway, however he never states how Thompson breached a contract but alleges a breach solely against Galloway. The alleged negligence of Thompson, in addition to taking place after her duty to Nuyannes was extinguished, is premised on two erroneous interpretations of Pennsylvania Civil Procedure. Therefore, Plaintiff's allegations amount a legal impossibility such that Plaintiff has failed to state a claim for which relief can be granted.

### a. There is no time limit for a court to reconsider its own interlocutory ruling.

There is no time limit for a court to reconsider a prior ruling while the case remains before the court. Accordingly, Plaintiff was not precluded from filing a motion for

reconsideration.  In fact, Plaintiff sought the advice of subsequent counsel to file such motion to reconsider when he contacted co-Defendant Scott Galloway and furthermore, retained Lauren Kane, Esquire.  Plaintiff alleges a breach of contract when Defendant Galloway did not file a motion to reconsider within thirty days of the contempt order.  Pl. Am. Cmpl. at 45.  This breach is not alleged against Defendant Thompson.

No Pennsylvania statute or Pennsylvania Rule of Civil Procedure sets forth the mandate that a motion to reconsider must be filed within thirty days of the applicable order.  Instead, as noted by the Pennsylvania Superior Court, "[a] court has inherent power to reconsider its own rulings." Hutchinson bu Hutchinson v. Luddy, 611 A.2d 1280, 1288 (Pa. Super. 1992) (citing Atlantic Richfield Co. v. J.J. White, 302 448 A.2d 634 (Pa. Super. 1982)).  The statute which gives rise to the confusion, 42 Pa.C.S.A. § 5505, applies only to final, appealable orders. Hutchinson by Hutchinson, 611 A.2d at 1288 (citing Daywalt v. Montgomery Hosp., 573 A.2d 1116 (Pa. Super. 1990); Commonwealth v. McMillam, 545 A.2d 301, (Pa. Super. 1988) order aff'd 567 A.2d 1043 (Pa. 1990)).  "Where an order does not effectively place the litigant out of court or end the lawsuit, it is within the trial court's discretion to entertain a motion to reconsider the interlocutory order outside the thirty day limit set forth in 42 Pa.C.S.A. § 5505." Hutchinson by Hutchinson, 611 A.2d at 1288 (citing Golden v. Dion & Rosenau 600 A.2d 568, 569 (Pa. Super. 1991)).

Plaintiff alleges a breach of contract against both Defendant Thompson and co-Defendant Galloway, however he never states how Thompson breached a contract.  The allegation of a breach is solely against Galloway.  Plaintiff retained co-Defendant Galloway to file a motion to reconsider and presumes in Plaintiff's First Amended Civil Action Complaint that the deadline to file said motion was thirty days.  The complaint focuses on "Galloway remain[ing] formal counsel to Plaintiff then refusing to execute a withdrawal and then substitution of appearance until end-day of the thirty (30) day time period for either reconsideration and/or appeal." Pl. Am. Cmpl. at 45.  Nothing is alleged regarding Defendant Thompson in this instance.

The contempt order was not a final order, therefore, allowing the trial court the ability to reconsider its ruling at any time as the case proceeded.  Accordingly, Plaintiff's allegations against co-Defendant Galloway's (in)actions is incorrect.  Furthermore, they do not apply to Defendant Thompson.

After Defendant Thompson withdrew as counsel, Plaintiff was represented by two subsequent attorneys. Neither attorney filed a motion to reconsider the February 23, 2009 order, nor did they file an appeal. Had Defendant Thompson committed malpractice during the February hearing, it is more than likely a subsequent attorney would have immediately taken such action to file a motion to reconsider or an appeal.

Since case law supports that the court would have been able to consider the motion on its merits had a subsequent attorney filed said motion to reconsider, Plaintiff's claim for legal malpractice against Thompson for acknowledging an order existed at the February 2009 hearing –and who was not retained to file such motion or appeal - is without merit.

### b. Plaintiff's subsequent attorneys were not prevented from filing a motion for reconsideration and/or appeal.

Plaintiff's subsequent attorneys were not prevented from filing a motion to reconsider and/or appeal of the February 23, 2009 order. Plaintiff's First Amended Civil Action Complaint regarding this matter revolves around the action of co-Defendant Galloway and not Defendant Thompson, therefore not alleging any harm to Plaintiff as a matter of law. Plaintiff also alleges he had another attorney standing by, ready to file a timely motion for reconsideration; however that attorney never failed said motion. The failure of Plaintiff or his subsequent attorneys to file a motion to reconsider and/or appeal occurred due to an erroneous interpretation of procedural rules by them and through no fault of Defendant Thompson.

### (3) Plaintiff's First Amended Civil Action Complaint does not set forth how the alleged negligence of Thompson caused harm to Nuyannes.

A plaintiff in a legal malpractice case must prove that he would have prevailed in the underlying proceeding but for the negligence of his attorney. Plaintiff's First Amended Civil Action Complaint should be dismissed because Plaintiff does not allege that had he been present at the February 23, 2009 hearing he would have been successful and not found to be in contempt of two previous court orders. Also, Plaintiff does not allege that, if he had received a copy of the February 23, 2009 order, he would have complied with the order to prevent the proposed

ramifications for non-compliance.  Therefore, this critical element is absent and Plaintiff has failed to state a claim.

It is well established that a plaintiff is a legal malpractice action must prove "a case within a case."  Seem e.g., Kituskie v. Corbman, 714 a.2d 1027, 1939 (Pa. 1998).  More specifically, the plaintiff must establish by a preponderance of the evidence that he would have prevailed on the underlying proceedings or motion.  Id.

In this instance, Plaintiff alleges that Thompson was negligent in affirming to the court that Plaintiff was in contempt of a previous court order and for failing to prevent the court from terminating Plaintiff's custody rights.  Pl. Am. Cmpl. at 25.  In order to prevail on his claim, Plaintiff would have to prove at trial that he was not in contempt of a previous court order and that his custody rights would not have been terminated.  Otherwise, Thompson's alleged negligence caused no harm to Plaintiff.  However, nowhere in Plaintiff's First Amended Civil Action Complaint does he allege that he would not have been found in contempt nor would his custody rights be terminated had he been present at the hearing.  Therefore, Plaintiff's First Amended Civil Action Complaint fails to include a critical element and is deficient on its face.

Furthermore, even if Plaintiff's First Amended Civil Action Complaint were to be further amended to include this critical allegation, no facts could be alleged which would meet federal pleading standards.  Therefore, it is appropriate for Plaintiff's First Amended Civil Action Complaint to be dismissed with prejudice.

The standard for evaluating the sufficiency of a Plaintiff's complaint pursuant to Rule 12(b)(6) has been articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  As those cases explain, a Rule 12(b)(6) motion tests the sufficiency of the Complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule (a)(2) requires that a Complaint contain a short and plain statement of the claim showing that the Plaintiff is entitled to relief "in order to give the Defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, U.S. 129 S.Ct. 1937, 1949 (2009).

Although the plausibility standard is not equivalent to a "probability requirement," it demands more than a sheer possibility that the Defendant has acted unlawfully.  Id.  A formulaic

recitation of the elements of a cause of action does not suffice to meet the Rule 8 obligation of a "short and plain statement" of the claim and its grounds. Twomby, 550 U.S. at 555. Legal conclusions and "naked assertions" are not entitled to the presumption of truth and must be disregarded for purposes of resolving a Rule 12 (b)(6) motion. Iqbal, 129 S. Ct. at 1950. In Iqbal, the Supreme Court stated: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Furthermore, "Plaintiff's obligation to state the grounds of entitlement to relief 'requires more that labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Wilson v. Pallman, 2009 WL 2448577 (E.D.Pa. 2009, O'Neil, J.) quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 511, 555.

In this matter, Plaintiff cannot prove beyond mere speculation that he would have prevailed at the February 23, 2009 hearing. Plaintiff admits there was an order from the September 2008 hearing, while denying one existed from the December 2008 hearing, yet never states how he complied with the order(s) to prevent a contempt order from being issued. Plaintiff's First Amended Civil Action Complaint alleges negligence against Defendant for allowing a contempt order to be entered yet does not prove that he would not have been found in contempt had he been present at the hearing. Pl. Am. Cmpl. at 18-26. Furthermore, two subsequent attorneys did not file a motion to reconsider the contempt order, nor did they file an appeal of the order. Consequently, Plaintiff contends his parental rights were eventually terminated, not reinstated. Pl. Am. Cmpl. at 53. In light of these facts, it is extremely unlikely that Plaintiff would have prevailed during the hearing or that the trial court would have vacated its contempt order upon motion of a new attorney or would Plaintiff prevail after appeal. Therefore, Plaintiff cannot meet the pleading standard under Twombley and Iqbal and Plaintiff's First Amended Civil Action Complaint should be dismissed with prejudice.

### (4) Plaintiff's First Amended Civil Action Complaint fails to set forth recoverable damages.

Plaintiff's First Amended Civil Action Complaint fails to set forth specific damages. For this reason too, Plaintiff's claims for legal malpractice should be dismissed with prejudice.

A plaintiff in a legal malpractice action must prove "actual loss rather than a breach of professional duty causing only nominal damages, speculative harm, or the threat of future harm." Kituskie v. Corbman, 714 A.2d 1027, 1030 (Pa. 1998). (quoting Rizzo v. Haines, 449, 555 A.2d 58, 68 (1998)). Remote and speculative damages are not recoverable. A plaintiff must prove damages with certainty and by a preponderance of the evidence. Id.

With respect to damages, Plaintiff's First Amended Civil Action Complaint alleges ad follows:

> 51. In January 2009, at a child support hearing, Thompson failed to argue against a child support order wherein Plaintiff was charged child support in excess of his unemployment compensation: the order required him to pay $1,900.00 per month when he was only earning $1,800.00 per month in unemployment compensation.

> 52. As a result of Plaintiff's arrest and incarceration, as well as the child support arrearages affecting his credit score, Plaintiff has been unable to find employment.

> 53. As a result of all of the foregoing, Plaintiff's sustained the termination of his parental rights of his children.

> 54. As a result of all of the foregoing, Plaintiff suffered great pain and agony, humiliation, embarrassment and emotional distress, and may continue to suffer same for an indefinite period of time, perhaps permanently.

A main element of Plaintiff's alleged damages is lost employment. However, Plaintiff's First Amended Civil Action Complaint concedes he was laid off prior to the relevant time period for reasons unrelated to litigation. Pl. Am. Cmpl. at 48-50. Other alleged damages, such as the alleged child support arrearages affecting Plaintiff's credit score and termination of parental rights have not been proven to be the fault of Thompson. In fact, the termination of parental rights did not occur while Thompson was representing Plaintiff but during subsequent representation. The remaining alleged damages – great pain and agony, humiliation, embarrassment and emotional distress – are non-economic in nature and are too speculative as to be related to the alleged negligence of Thompson to be proven and calculated with any certainty.

To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. Hooten v. Penna. College of Optometry, 601 F.Supp. 1151, 1155 (E.D.Pa.1984); Restatement (Second) of

Torts s. 46.   While Pennsylvania courts recognize a cause of action for intentional infliction of emotional distress, they have allowed recovery in only *very* egregious cases. See Papieves v. Kelly, 437 Pa. 373, 263 A.2d 118, (1970)(concealing child's death and withholding body from parents).   In this instance, Plaintiff fails to establish the required elements to support his claim.

Therefore, if Plaintiff were otherwise able to prove the other elements of legal malpractice at trial, his First Amended Civil Action Complaint still fails to set forth specific, recoverable damages.   Accordingly, dismiss with prejudice is proper.

## B.  DISMISSAL OF PLAINTIFF'S ANCILLARY CLAIMS

### 1.   If Plaintiff's claims for professional negligence is dismissed, Plaintiff's entire First Amended Civil Action Complaint should be dismissed with prejudice.

Plaintiff's First Amended Civil Complaint Action with respect to Thompson, contains three additional causes of action, breach of contract, breach of fiduciary duty and a civil rights violation claim.   Pl. Am. Compl. Para 59-62,63-33, and 67-73, respectively.   The first two claims, breach of contract and breach of fiduciary duty, are comprised of merely four paragraphs which adopt Plaintiff's claim for legal malpractice and set forth bare legal conclusions regarding the respective elements of these additional claims.   It is clear that these causes of action are nothing more than Plaintiff's legal malpractice claim restated.   The third claim, a civil rights violation, should not apply to Thompson because she is not a state actor as defined by statute. Accordingly, if the Court should grant Defendant's Motion to Dismiss with respect to Plaintiff's legal malpractice claim, Plaintiff's claims for breach of contract, breach of fiduciary duty, and civil rights violation have no foundation and should also be dismissed.

### 2.   Plaintiff's First Amended Civil Action Complaint fails to set forth terms of an enforceable contract.

Plaintiff's First Amended Civil Action Complaint fails to set forth the elements of a claim for breach of contract.   Therefore, this count should be dismissed with prejudice.

The elements of a breach of contract action in the context of an attorney-client relationship are the same elements as a breach of contract action in other contexts.   Bailey v.

13

Tucker, 621 A.2d 108, 115 (Pa. 1993). In order for an enforceable contract to exist, the plaintiff must prove that (1) both parties manifested an intent to be bound by the terms of the contract, (2) that the terms of the contract are sufficiently definite, and (3) the existence of consideration. Johnston the Florist, Inc. v. TEDCO Const. Corp., 657 A.2d 511, 516 (Pa. Super. 1995).

Plaintiff alleges that "Plaintiff and Defendants entered into a contract for legal services (in the possession of Defendants)." Pl. Am. Compl. at para. 60. Plaintiff further alleges that the actions of the Defendants breached the "agreement to provide competent and effective legal services, as well as a breach of covenant of good faith and fair dealing." Pl. Am. Compl. at para. 61.

Despite claiming he does not possess such written contracts, Plaintiff sets forth alleged content of the contract. Plaintiff's allegations are identical as to Defendant Galloway, two unaffiliated attorneys. For these reasons, it is clear that Plaintiff's four paragraph cause of action for breach of contract is nothing more than the sort of boilerplate pleading prohibited under Twombley and Iqbal.

Plaintiff's cause of action for breach of contract stands for the proposition that every attorney-client relationship creates an enforceable contract in which the attorney promises to provide legal services within the applicable standard of care. This is not the law. In Bailey v. Tucker, the court described that in a breach of contract claim, "the attorney's liability in this regard will be based on terms of that contract. Thus, if an attorney agrees to provide his or her best efforts and fails to do so an action will accrue." 621 A.2d at 115. Plaintiff does not allege the parties in this matter entered into such agreement. It is agreed that an attorney who does not meet the standard of care may be subject to a negligence suit, but without specific contractual terms, h is not subject to a breach of contract cause of action as well.

Plaintiff's First Amended Civil Action Complaint fails to set forth enough facts to raise a reasonable expectation that discovery will reveal evidence that the parties manifested an intent to be bound by specific terms of a contract, the specific terms of that alleged contract, and any consideration. Therefore, Plaintiff's claim for breach of contract should be dismissed with prejudice.

### 3. Plaintiff's First Amended Civil Action Complaint fails to set forth recoverable damages.

Plaintiff's breach of contract claim also fails because Plaintiff fails to allege that he made any payment to Thompson.

In a breach of contract action resulting from an attorney-client relationship, "damages will be limited to the amount actually paid for the services plus statutory interest." Bailey v. Tucker, 621 A.2d at 115. The right to consequential damages for the breach of contract in this context has specifically been rejected. Id.

Plaintiff fails to allege he made any payment to Defendant Thompson for her services. Therefore, Plaintiff cannot assert a breach of contract action against Thompson.

### 4. Plaintiff's First Amended Civil Action Complaint fails to set forth a valid claim for breach of fiduciary duty.

Plaintiff's First Amended Civil Action Complaint fails to set forth the elements of a claim for breach of fiduciary duty.

In certain narrow circumstances, a client may pursue an action for breach of fiduciary duty against his attorney. As described by the Pennsylvania Supreme Court, "[a]t common law, an attorney owes a fiduciary duty to his client; such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and breach of such duty is actionable." Maritrans GP Inc. v. Pepper, Hamilton & Scheetz, 602 A.2d 1277, 1283 (Pa. 1992) (citations omitted).

Plaintiff's First Amended Civil Action Complaint does not set forth how Thompson is alleged to have breached a fiduciary duty to Plaintiff. There is no allegation that Thompson engaged in a conflict of interest. Instead, Plaintiff merely reasserts his allegations of negligence as an alleged breach of fiduciary duty. Here, without the enumeration of further provable facts, Plaintiff has again failed to meet the standard set forth in Twombley and Iqbal and Plaintiff's claim for breach of fiduciary duty should be dismissed with prejudice.

### 5. Plaintiff's First Amended Civil Action Complaint fails to set forth a valid claim for a civil rights violation.

Plaintiff fails to state a cause of action under 42 U.S.C. §1983. In regards to 42 U.S.C. §§ 1983, which prohibits **state actors** from violating a citizen's constitutional rights, Title 42

WHEREFORE, the Defendant Thompson, hereby requests this Honorable Court dismiss Plaintiff's Complaint with prejudice since it was filed beyond the two-year statute of limitations.

## III.    CONCLUSION

For the reasons set forth above, Defendant, Nichole M. Thompson, Esquire, respectfully requests that this Honorable Court grant her Motion to Dismiss Plaintiff's First Amended Civil Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's First Amended Civil Action Complaint with prejudice.

Respectfully submitted,

Nichole M. Thompson, Esquire

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. NUYANNES, Individually, | : | CIVIL ACTION |
| 1435 Kynlyn Drive, Wilmington, DE 19809 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| NICHOLE MARIE THOMPSON, ESQUIRE, | : | NO. 11-2029 |
| And NICHOLE MARIE THOMPSON, | : | |
| Individual, P.O. Box 1644, Media, PA  19063 | : | |
| | : | |
| EUGENE J. MALADY, ESQUIRE, and | : | |
| EUGENE J. MALADY, Individual | : | |
| 211-213 North Olive Street, Media, PA 19063 | : | |
| | : | |
| SCOTT D. GALLOWAY, ESQUIRE, and | : | |
| SCOTT D. GALLOWAY, Individual | : | |
| 1215 West Baltimore Pike, Media, PA  19063 | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

   I, Nichole M. Thompson, Esquire, here by certify that on this day I am serving the foregoing document upon the following persons by sending a copy to their offices as indicated below.

The United States District Court of the Eastern District of Pennsylvania
Office of the Prothonotary
601 Market Street, Room 2609
Philadelphia, PA  19106-1797

Matthew B. Weisberg
7 South Morton Avenue
Morton, PA  19070

Marshall L. Schwartz
2250 Hickory Road, Suite 300
Plymouth Meeting, PA  19462-1047

Nichole M. Thompson, Esquire

NICHOLE M. THOMPSON, ESQUIRE
I.D. No. 201291
P.O. Box 1644
Media, PA  19063
Phone:  (610) 716-7571
Fax: (610) 328-2953

## VERIFICATION

     NICHOLE M. THOMPSON, ESQUIRE, hereby states that she is the attorney for the Defendant in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of her knowledge, information, and belief.  The undersigned understands that the statements made therein are made subject to the penalties of 18 Pa. C.S. Section 4909 relating to unsworn falsification to authorities.

BY:  Nichole M. Thompson, Esquire

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. NUYANNES, Individually,<br>1435 Kynlyn Drive, Wilmington, DE 19809 | : <br> : <br> : | CIVIL ACTION |
|       Plaintiff, | : <br> : | |
| vs. | : <br> : | |
| NICHOLE MARIE THOMPSON, ESQUIRE,<br>And NICHOLE MARIE THOMPSON,<br>Individual, P.O. Box 1644, Media, PA 19063 | : <br> : <br> : <br> : | NO. 11-2029 |
| EUGENE J. MALADY, ESQUIRE, and<br>EUGENE J. MALADY, Individual<br>211-213 North Olive Street, Media, PA 19063 | : <br> : <br> : | |
| SCOTT D. GALLOWAY, ESQUIRE, and<br>SCOTT D. GALLOWAY, Individual<br>1215 West Baltimore Pike, Media, PA 19063 | : <br> : <br> : <br> : | |
|       Defendants | : | |

## ORDER

**AND NOW**, this             day of                      , 2012, upon consideration of

the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of Defendant, Nichole M. Thompson,

Esquire and Nichole M. Thompson, Individual, and any reply thereto, it is hereby **ORDERED**

and **DECREED** that Defendant's said Motion is **GRANTED** and all claims against Nichole

Thompson, Esquire are hereby **DISMISSED** in their entirety and **WITH PREJUDICE**.

BY THE COURT:

_____
Ronald L. Buckwalter, S.J.

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. NUYANNES, Individually,<br>1435 Kynlyn Drive, Wilmington, DE 19809 | : | CIVIL ACTION |
| | : | |
|      Plaintiff, | : | |
| | : | |
|    vs. | : | |
| | : | |
| NICHOLE MARIE THOMPSON, ESQUIRE,<br>And NICHOLE MARIE THOMPSON,<br>Individual, P.O. Box 1644, Media, PA 19063 | : | NO. 11-2029 |
| | : | |
| EUGENE J. MALADY, ESQUIRE, and<br>EUGENE J. MALADY, Individual<br>211-213 North Olive Street, Media, PA 19063 | : | |
| | : | |
| SCOTT D. GALLOWAY, ESQUIRE, and<br>SCOTT D. GALLOWAY, Individual<br>1215 West Baltimore Pike, Media, PA 19063 | : | |
| | : | |
|      Defendants | : | |