IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID NUYANNES, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | |
| : | NO. 11-2029 |
| NICHOLE THOMPSON, ESQUIRE, : | |
| SCOTT GALLOWAY, ESQUIRE; and : | |
| JOHN DOES 1-10, : | |
| : | |
| Defendants. : | |

**MEMORANDUM**

**AND NOW**, this *22nd* day of *October*, 2012, upon consideration of Defendant Scott Galloway's Motion to Compel Documents (Docket No. 63) and Lauren Kane, Esquire's Response in Opposition (Docket No. 64), it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1. Within ten (10) days from the date of this Order, Lauren Kane shall produce all non-privileged documents—*i.e.* documents not covered by either the attorney-client or attorney work-product privileges—regarding her representation of Plaintiff David Nuyannes.

2. Within ten (10) days from the date of this Order, Lauren Kane shall also produce a privilege log detailing any responsive documents retained on grounds of privilege. [1]

It is so **ORDERED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.

---

[1] The Court acknowledges Defendant Galloway's argument that Plaintiff has waived the attorney-client privilege by attaching correspondence from Ms. Kane to his initial disclosures, by not objecting to the subpoena to Ms. Kane, and by placing privileged documents at issue in this litigation. Absent a specific waiver from Plaintiff, however, the Court declines to compel Ms. Kane to produce these documents. Nonetheless, following receipt and review of Ms. Kane's client file and privilege log, Defendant Galloway shall have the opportunity to re-raise this issue and identify for the Court which documents on the privilege log it believes are not privileged.